CALVIN FOSTER, JR., AND SANDRA FOSTER *v.* NOBLE LITTELL.

[No. 1-972A65. Filed March 29, 1973.]

*Taylor and Kelly,* of Martinsville, for appellants.

*Kagan & Barker,* of Martinsville, for appellee.

LOWDERMILK, J.—The action was originally filed in the Morgan Superior Court against Noble K. Littell and two co-defendants. The complaint against the co-defendants was dismissed with prejudice on April 16, 1972.

The complaint was one for false imprisonment which alleged that Judge Noble Littell did falsely cause the imprisonment of Sandra Foster without warrant for her arrest being issued. She and her husband pray damages for such false imprisonment.

The defendant, Noble Littell, filed a motion to dismiss for failing to state a claim for relief under Rule TR. 12(B)(6), together with his memorandum thereon.

The plaintiffs then filed their memorandum in opposition to Rule TR. 12(B)(6) motion to dismiss, with their affidavit attached, together with supplemental memorandum of law in opposition to the motion to dismiss.

Oral argument was had on the motion to dismiss and at that time plaintiffs' counsel informed the trial judge that if the motion would be treated as a motion for summary judgment he would like to be so informed so that he would have ample time to prepare affidavits to comply with the summary judgment rule.

The matter was taken under advisement and on March 17, 1972, the court stated it would convert the motion for dismissal under Rule TR. 12(B)(6) into one for motion for summary judgment and entered a summary judgment thereon in favor of the defendant, Littell.

Rule TR. 12(B) (6) states as follows:

"Trial Rule 12. Defenses and Objections—When and How Presented—By Pleading or Motion—Motion for Judgment on the Pleadings.

\* \* \*

(B) How presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counter-claim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required; except that at the option of the pleader, the following defenses may be made by motion:

\* \* \*

(6) Failure to state a claim upon which relief can be granted, which shall include failure to name the real party in interest under Rule 17,

\* \* \*

(8) \* \* \*

If, on a motion asserting the defense number (6), to dis-miss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. *In such case, all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."* (Our emphasis.)

The plaintiffs contend that the trial court failed to give effect to Rule TR. 12(B) (6), paragraph 3, hereinabove set out, when it converted the Rule TR. 12(B) (6) motion to dis-miss into a motion for summary judgment. The plaintiffs contend that the last sentence of paragraph 3 states that when such conversion is made all parties shall be given reasonable opportunity to present all material made pertinent to a motion for summary judgment. (Rule 56.)

A motion to correct errors was filed but we are required, it appears to us, in passing upon any error, to pass upon the question as to whether the summary judgment granted in the case was proper, and properly entered at the time the same was granted when entered of record.

This case is one which, in our opinion, is to be solely determined from a construction of said Rule TR. 12(B), particularly the last sentence of the Rule, which gives the parties a reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

It must be noted that neither party to this appeal has cited any case or authority other than the Rule itself on this particular point which now confronts this court.

We are forced to rely on our own judgment in construing this Rule, except that we are fortified to some extent by Harvey's Indiana Practice, Vol. 1, p. 615, where he refers to Rule 12 under Federal Advisory Committee Notes.

The Federal Rule discussed by Professor Harvey is the same as our Rule 12. Professor Harvey says of Rule TR. 12(B)(6), in quoting the Advisory Committee, the following:

"The addition at the end of such division (B) makes it clear that on a motion under Rule 12(B)(6) extraneous material may not be considered if the court excludes it, but that if the court does not exclude such material, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. It will also be observed that if a motion under Rule 12(B)(6) is thus converted into a summary judgment motion, the amendment insures that both parties shall be given a reasonable opportunity to submit affidavits and extraneous proofs to avoid taking a party by surprise through the conversion of the motion into a motion for summary judgment."

This court, in discussing the precedents of the Federal Rules of Procedure as guidelines for Indiana Rules, recently held in the case of *Boehne* v. *Camelot Village Apartments* (1972), 154 Ind. App. 21, 288 N.E.2d 771, 33 Ind. Dec. 424:

". . . We find great precedent in the Federal Rules of Procedure for the construction of our Rules and we shall not hesitate to rely thereon."

Inasmuch as the plaintiffs had filed an affidavit and the defendant had filed a memorandum with his motion and the

affidavit and memorandum were a part of the record in the cause before the trial judge ruled on the respective motions and were not excluded by the record of the trial court, it is our opinion that the affidavit being matter outside the pleadings, falls within the guidelines of Rule TR. 12 (B) (6), *supra*, and ultimately came under TR. 56. *Cohen* v. *Cahill* (1960), 281 F. 2d 879; *Costen* v. *Pauline's Sportswear, Inc.* (1968), 391 F. 2d 81. The court should have given reasonable opportunity to both parties to present all material made pertinent to such a motion by Rule TR. 56. *Erlich* v. *Glasner* (1967), 374 F. 2d 681; Rule TR. 12 (B) (6), *supra*.

In the case of *Georgia Southern & F. Ry. Co.* v. *Atlantic Coast Line R. Co.* (1967), 373 F. 2d 493, the United States Court of Appeals, Fifth Circuit, reviewed proceedings wherein a motion to dismiss (12 B 6) was filed, along with a supporting affidavit. This situation is quite analogous to the case at bar. The Federal District Court, in *Georgia,* conducted a "hearing" on the motion and did not at that time exclude the supporting affidavit. In reversing the District Court, the Court of Appeals stated:

> "The trial court, in granting the motion to dismiss for failure to state a claim, considered matters outside the pleadings; therefore the motion must be considered as a motion for summary judgment.
>
> * * *
>
> "Nothing said before the hearing indicated that a summary judgment, a final judgment, might result from it. . . . In fact, the hearing itself provided no notice of how the oral testimony and affidavits would later be used. The first indication that this material would be used to support a summary judgment was the judgment itself. In sum, there was no hearing on summary judgment at all. The case falls squarely within the rule of Enochs v. Sisson, 5 Cir. 1962, 301 F. 2d 125, where we held it an abuse of discretion to grant summary judgment without proper notice and hearing as required by Rule 56."

The Court of Appeals went on to discuss the function of a hearing of the type involved in this case as compared with a summary judgment proceeding, as follows:

". . . Final judgment is not then a possibility. When such a limited adjudication is the order of the day, we cannot say with assurance that the parties will present everything they have. The very intimation of mortality when summary judgment is at issue assures us that the motion will be rebutted with every factual and legal argument available.

The notice requirements of Rule 12 guarantee that the automatic change of a motion to dismiss into a motion for summary judgment will not be accomplished by an unforeseeable thrust with no chance to parry. Notice is ascendant and primary in the Federal Rules. They do not tolerate foils of obfuscation."

In discussing the requirement of reasonable opportunity under Rule 12 (B), the United States Court of Appeals, Second Circuit, stated in the case of *Dale* v. *Hahn* (1971), 440 F. 2d 633:

"It seems fair to include within the term 'reasonable opportunity' some indication by the court to 'all parties' that it is treating the 12 (B) (6) motion as a motion for summary judgment. [Citing cases.]"

The sound reasoning behind the reasonable notice provision of Rule TR. 12 (B) was stated succinctly in *Federal Practice and Procedure*, Wright and Miller, Vol. 5, Ch. 4, § 1366, p. 683, as follows:

"It is important that the court give the parties notice of the changed status of the motion and a 'reasonable opportunity to present all material made pertinent to such a motion by Rule 56.' In this way no one will be taken by surprise by the conversion."

We are of the opinion that the trial court correctly went to Trial Rule 56, but his failure to give the parties reasonable opportunity to present all material made pertinent to such a motion by Rule 56 was such error that it could not be corrected and was prejudicial to the parties and especially to the plaintiffs; that such prejudice deprived the plaintiffs from having their day in court.

This cause must be and the same is hereby reversed and

remanded to the trial court for further proceedings not inconsistent with this opinion.

Robertson, P.J. and Lybrook, J., concur.