**Judith DURAN, Appellant
(Plaintiff Below),**

v.

**Richard KOMYATTE, Executor of the Estate of John Duran Deceased, and Theresa Duran [1], Appellees (Defendants Below).**

No. 3–685–A–145.

Court of Appeals of Indiana,
Third District.[2]

March 26, 1986.

Rehearing Denied May 23, 1986.

---

1. The caption of this case reported one of the Appellees as JUDITH DURAN whereas in reality it is THERESA DURAN.

2. The caption of this case erroneously reported that it was in the Fourth District.

In this action, Judith is seeking to establish a constructive trust consisting of all of John's assets at the time of the divorce in favor of John's children. Judith has named John's second wife, Theresa, as a constructive trustee.

The trial court granted Theresa a summary judgment. Judith appeals raising the following issues for our review:

1) Whether the trial court erred when it treated a motion to dismiss as a motion for summary judgment.

2) Whether there were unresolved issues of material fact to preclude summary judgment; and

3) Whether an action to adjudicate property rights in estate assets can be maintained in civil court?

Affirmed.

## I.

### Motion to Dismiss

James A. Harris, Donald R. Capp, Sachs and Hess, P.C., Hammond, for appellant (plaintiff below).

John McDonagh, Hammond, for appellees (defendants below).

STATON, Presiding Judge.

When John Duran divorced his first wife, Judith Duran, their property settlement agreement provided that he execute a will within ten days after the divorce naming his minor children as the sole beneficiaries. The will was never executed by John. Later, he married Theresa and acquired a home held by John and Theresa as tenants by the entireties. Approximately ten years after his divorce from Judith, John died. Due to the expense of his last illness, his estate was left insolvent. Richard Komyatte is the executor of John's estate.

Judith claims that the trial court committed reversible error when it treated Theresa's Indiana Rules of Procedure, Trial Rule 12(B)(6) motion to dismiss as a motion for summary judgment under Indiana Rules of Procedure, Trial Rule 56. Specifically, Judith complains that because she was not expressly told by the trial court that the motion to dismiss would be treated as one for summary judgment, she was denied a reasonable opportunity to present all materials made pertinent to a summary judgment proceeding. We disagree.

In *Charles W. Smith & Sons v. Lichtefeld-Massaro* (1985), Ind.App., 477 N.E.2d 308, the relationship between T.R. 12(B)(6) and T.R. 56 was addressed. In that case, the role of T.R. 12(B)(8) was highlighted. This rule provides that when matters outside the pleadings are presented to and not excluded by the trial court, T.R. 12(B)(6)

motions shall be treated as they would be under T.R. 56. *Id.*, at 310.

▮▮▮ In the instant case, a hearing on Theresa's motion to dismiss was held. Counsel for Judith and Theresa introduced matters outside the pleadings,[3] and those matters were considered by the trial court. Pursuant to T.R. 12(B)(8), the trial court properly considered Theresa's motion as one for summary judgment. *Mid-States Aircraft Engines v. Mize Co.* (1984), Ind. App., 467 N.E.2d 1242.

Judith relies heavily on two cases, *Carrell v. Ellingwood* (1981), Ind.App., 423 N.E.2d 630, *trans. den.*, and *Foster v. Littell* (1973), 155 Ind.App. 627, 293 N.E.2d 790, because those cases decided that the conversion of a T.R. 12(B)(6) motion into a T.R. 56 motion denied the non-moving party a reasonable opportunity to present all materials made pertinent by a T.R. 56 motion. Those cases do not control the case at bar.

In *Carrell*, objections to the motion to dismiss were filed and, on that same day, without notice, hearing or any other proceeding, the trial court granted summary judgment. On appeal, the court found this to be error because the non-moving party did not have a reasonable opportunity to present all material made pertinent to a T.R. 56 motion. *Carrell, supra*, at 634.

We note that the instant case is unlike *Carrell*. Here, there was no unfairness because a ruling on the motion was not made the same day objections to the motion were filed. Judith's objections to the motion to dismiss were filed on September 14, 1984, a hearing on the motion was held on September 18th, and the trial court issued its ruling the next day. Moreover, at the hearing on the motion, Judith's counsel had the opportunity to rebut Theresa's position, plus introduce new matters in addition to those already contained in her memorandum in opposition to the motion to dismiss. Unlike *Carrell*, Judith did have a reasonable opportunity to present material.

In *Foster*, the other case referred to us by Judith, at a hearing on a motion to dismiss, counsel for the non-moving party requested to be informed whether or not the motion would be treated as a motion for summary judgment. That request was made so that there would be ample time, if needed, to prepare materials in accordance with the summary judgment standards. The non-moving party, however, was never informed that the motion to dismiss had become one for summary judgment until later when he learned by surprise that a judgment had been entered against him. *Foster, supra*, 293 N.E.2d at 791.

Here, there was no unfairness caused by taking a party by surprise. The operation of T.R. 12(B) is well known and Judith's counsel had the opportunity, and did indeed use it, to present the trial court with additional materials outside the pleadings. In this case, the proper procedure was followed, and Judith's surprise was only that her arguments were not sufficient.

In arriving at our conclusion we assume that Judith's counsel was aware of T.R. 12(B)(8) and its clear mandate that:

> If, on a motion, asserting the defense number (6), to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion *shall* be treated as one for summary judgment and disposed of as provided in Rule 56. In such case, all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56. (Emphasis added).

---

**3.** Matters introduced at the hearing on the motion to dismiss were not pleadings as defined in Indiana Rules of Procedure, T.R. 7(A). That rule provides, in relevant part:

(A) Pleadings. The pleadings shall consist of:
(1) a complaint and an answer;
(2) a reply to a denominated counterclaim;
(3) an answer to a cross-claim;
(4) a third-party complaint, if a person not an original party is summoned under the provisions of Rule 14; and
(5) a third-party answer.
*See Elcona Homes Corp. v. McMillan Bloedell, Ltd.* (1985), Ind.App., 475 N.E.2d 713, *trans. den.*

We also note that during the hearing on the motion to dismiss, Judith's counsel expressly raised new points and advanced new arguments not contained in her memorandum in opposition to the motion to dismiss. Thus, we are not persuaded that Judith was either unfairly surprised or that she was denied a reasonable opportunity to present the trial court with additional material. *Ayres v. Indian Heights Volunteer Fire Dept.* (1985), Ind.App., 482 N.E.2d 732 (no error where T.R. 12(B)(6) motion was converted to T.R. 56 motion without formal notice).

## II.

### Summary Judgment

■ In reviewing a summary judgment, the standard of review is to examine whether there is a genuine issue as to any material fact and whether the moving party is entitled to a judgment as a matter of law. *Midwestern Indemnity Co. v. Leffler Construction Co.* (1984), Ind.App., 463 N.E.2d 1130. Here, Judith argues that there are two unresolved material facts: first, what was John's state of mind when he failed to execute the court ordered will; and second, was Theresa's acquisition of property by tenancy by the entireties tainted by fraud.

■ Just because a matter is placed in issue by the pleadings does not make it a factual issue sufficient to preclude summary judgment. *State, Department of Mental Health v. Allen* (1982), Ind.App., 432 N.E.2d 435, *trans. den.* We believe that the issues of fraud advanced by Judith should be reviewed in that light.

In order to be material for purposes of summary judgment, the factual issues in question must be decisive of the action. *City of Hammond v. Cataldi* (1983), Ind. App., 449 N.E.2d 1184. Resolution of the factual issues Judith advances do not have probable force because we are not convinced that in this instance a constructive trust is appropriate as a matter of law.

■ In her brief, Judith takes the position that a property settlement agreement which is incorporated into a court approved final divorce decree is a binding contract. *Anderson v. Anderson* (1979), Ind.App., 399 N.E.2d 391. We agree, and turn now to the relevant language of that agreement. It is as follows:

WILL

Husband agrees to have drawn and execute a last Will and Testament leaving all of his assets, real and personal to his living *3* children surviving at the time of his death and said will shall not be changed until his youngest present living child shall become emancipated. Said Will shall be drawn and executed within 10 days and Husband shall deliver a copy of the same to the wife within 10 days. Husband further agrees to name his children as sole beneficiaries (primarily) [sic] on all existing life insurance policies and shall not change said beneficiaries until the youngest child becomes emancipated. (R.18).

■ Our examination of the above provision reveals that John was ordered to do no more than execute a will. No mention of any specific property to be left to the children is present. Nor is there any mandate that John have property at the time of his demise to leave to his children. Theresa concedes that John never executed a will, but assuming, *arguendo,* that he had, none of John's subsequent actions with regard to his property would have affected the amount of property John's children would have inherited. Even if a will existed, John was not estopped from owning property with a right of survivorship, and, as Theresa's affidavit intimates, the expenses of John's last illness left his estate insolvent. Consequently, lacking here is the *res* necessary for a constructive trust.

[7] A constructive trust is a fiction of equity *Hunter v. Hunter* (1972), 152 Ind. App. 365, 283 N.E.2d 775, *trans. den.,* (1973), 156 Ind.App. 187, 295 N.E.2d 834 (clarification of order). Indiana courts have limited the imposition of a constructive trust to instances where there is actual fraud or there exists a breach of duty arising out of a confidential or fiduciary

relationship. *Id.,* 283 N.E.2d at 779. John did breach his fiduciary duty to execute a will, but under the facts of this case equity does not demand the creation of a constructive trust.

Judith was advised by her counsel not to enter into this particular settlement agreement, but she chose to ignore this admonition and signed the document. The warning contained in that document is as follows:

> NOW, THEREFORE, IN CONSIDERATION OF MUTUAL COVENANTS AND AGREEMENTS CONTAINED HEREIN, IT IS AGREED AS FOLLOWS: Even [T]hough plaintiff has been advised by her counsel Robert M. Hess that the plaintiff is not receiving an equitable or fair settlement and even though [sic] Robert M. Hess has strongly and firmly advised plaintiff, wife, not to agree or sign this agreement ...

(R.17).

Judith's failure to act on John's breach until now is another consideration we employed to determine that the equitable remedy of a constructive trust is not appropriate in this instance.

■ Our conclusion then is that Judith is not entitled to a constructive trust as a matter of law, and the allegations of fraud, therefore, are immaterial and do not preclude us from affirming the summary judgment.[4]

### III.

### Civil Court

■ An action to adjudicate property rights in estate property can be maintained in civil court. In *State ex rel. American Fletcher National Bank and Trust Co. v. Daugherty* (1972), 258 Ind. 632, 283 N.E.2d 526, a fundamental axiom of law was stated as follows:

> "... courts of concurrent jurisdiction cannot exercise jurisdiction over the same subject at the same time, and that where one of the courts acquires jurisdiction of the subject matter and the par-

ties, it is vested with such jurisdiction to the exclusion of the other court until the final disposition of the case. This rule is not mitigated where the subject matter before the separate courts is the same, but the actions are in *different forms,* i.e., a civil action and a petition for injunctive relief." (Emphasis added).

*Id.,* 283 N.E.2d at 528.

■ The case at bar does not involve the same action in different forms. Rather, the civil action seeks to remedy a breach of a Property Settlement Agreement, and the probate action is intended merely to distribute whatever assets remain in John's estate. *See Williams v. Williams* (1981), Ind.App., 427 N.E.2d 727, *trans. den.,* (1982) Ind.App., 432 N.E.2d 417 (rehearing explained) (buy sell agreement was enforceable outside of probate proceeding). Judith could have pursued her claim against Theresa solely in probate, but she was not required to do so. Once the civil court proceedings are concluded, John's estate can be administered by the probate court.

Affirmed.

HOFFMAN, J., concurs.

GARRARD, J., concurs in result.

---

4. Summary judgment was granted in favor of Theresa. Judith's claim against Richard Komyatte, executor of John's estate, is unaffected by this decision.