Thomas AYRES and Helen
Ayres, Appellants,

v.

INDIAN HEIGHTS VOLUNTEER FIRE
DEPARTMENT, INC., and Billy D.
Myers, Trustee of Taylor Township,
Howard County, Indiana, Appellee.

No. 34S02–8606–CV–575.

Supreme Court of Indiana.

June 11, 1986.

Edward S. Mahoney, Lacey, O'Mahoney, Mahoney, Angel & Jessup, Kokomo, for appellants.

Daniel J. Harrigan, Bayliff, Harrigan, Cord & Maugans, P.C., Kokomo, for appellee Indian Heights Volunteer Fire Dept., Inc.

Sally A. Papacek, Andrews & Papacek, Kokomo, for appellee Billy D. Myers, Trustee of Taylor Tp., Howard County.

PIVARNIK, Justice.

This cause comes to us on a Petition to Transfer from the Second District Court of Appeals, brought by Indian Heights Volunteer Fire Department, Inc. *Ayres v. Indian Heights Volunteer Fire Dept., Inc.* (1985), Ind., 482 N.E.2d 732, *reh. denied.* Action was initiated by Plaintiffs Thomas Ayres and Helen Ayres against Indian Heights Volunteer Fire Department and the Township Trustee for alleged negligence in fighting a fire in which Plaintiffs lost their garage and its contents. The trial court entered summary judgment in favor of all Defendants and Plaintiffs appealed. The Court of Appeals found the trial court properly converted Defendants' Motions for Summary Judgment without giving prior notice to the Ayres. The Court of Appeals further found the actions of the Trustee of Taylor Township, Howard County, Indiana, Billy D. Myers, involved discretionary functions for which the Indiana Tort Claims Act provides governmental immunity. Ind.Code § 34-4-16.5-3(6) (Burns Supp. 1984). The Court of Appeals correctly disposed of these two issues. The Court of Appeals further found, however, the immunity accorded the township did not extend to the volunteer fire department because the volunteer fire department was an independent contractor. The Court of Appeals reversed the trial court on that issue and ordered summary judgment for that defendant set aside. The Court of Appeals erred in this latter issue and we accordingly grant transfer, vacate the opinion of the Court of Appeals, and affirm the trial court.

The Court of Appeals has well set out and correctly analyzed and decided the fact situation and the issue of the converting of Defendants' Motions to Dismiss into Motions for Summary Judgment. We therefore adopt their language and make it part of this opinion as follows:

"Helen and Thomas Ayres (Ayreses) appeal from an entry of summary judgment for the defendants, Indian Heights Volunteer Fire Department, Inc. (Fire Department) and Billy D. Myers, Trustee of Taylor Township, Howard County, Indiana (Trustee). The Ayreses present the following two issues:

(1) Whether the trial court erred by converting the defendants' motions to dismiss into motions for summary judgment without giving prior notice to the Ayreses; and

(2) Whether the defendants are immune from liability for allegedly negligent actions in fighting a fire under the doctrine of governmental immunity.

"Ayreses sued the Fire Department for its alleged negligence in fighting a fire in which Ayreses lost their garage and its contents. Trustee was sued for allegedly violating his statutory duty to furnish the owners of real estate within his jurisdiction reasonable and safe fire protection. In their complaint, filed September 7, 1983, the Ayreses alleged:

1. On the 20th day of January, 1983, at or about 10:30 A.M., plaintiffs had a fire in their enclosed Ford truck in the driveway of their residence, 5206 Algonquin Trail, Kokomo, Indiana.

2. The Defendant, Indian Heights Volunteer Fire Department, was called by a neighbor of Plaintiffs and upon arrival at the scene told a neighbor who was extinguishing the fire with his hand extinguisher to get out of the way; whereupon the firemen sprayed a large fire extinguisher into the rear of the truck with such force that it blew the burning materials out of the truck and against the fiberglas [sic] door of Plaintiffs' garage causing it to burn.

3. Said firemen had a large fire hose, but were unable to get it to work until after setting the garage door afire; then, when they got the hose working, they ignored the request of Plaintiff Helen Ayres to enter the service entrance and spray from the inside so as to keep the fire from entering the garage where Plaintiffs had stored valuable merchandise; instead, they sprayed from the outside, blowing the fire from the burning door into the garage and totally destroying the garage and its contents.

\*   \*   \*   \*   \*   \*

5. The Defendant, Billy D. Myers, Trustee of Taylor Township, Howard County, Indiana, is made a party Defendant to this action because of his statutory duty to furnish the owners of real estate within his jurisdiction with reasonable and safe fire protection.' Record at 15–16.

"On September 20, 1983, the Fire Department filed its answer to the complaint denying the general allegations and also filed a Trial Rule 12(B)(6) motion to dismiss based upon the doctrine of governmental immunity alleging that its actions were discretionary functions for which the Indiana Tort Claims Act provides immunity. I.C. 34–4–16.5–3(6) (Burns Code Ed.Supp.1984). In his answer three days later, Trustee admitted his statutory duty to provide fire protection but denied that he had breached that duty. Trustee also accompanied his answer with a motion to dismiss under Trial Rule 12(B)(6).

"On October 12, 1983, Ayreses filed interrogatories to each defendant inquiring as to the existence and for the production of any written contract for fire protection. On November 16 and 17, 1983, the defendants filed answers to these interrogatories admitting the existence of such a contract and producing copies of it. On December 15, 1983, the trial court heard arguments on the motions to dismiss and on January 17, 1984, the court entered the following judgment:

## RULING

Court having taken under advisement the defendants' motions to dismiss, and having considered the answers to the interrogatories filed herein, the Court now finds that this matter is a motion for summary judgment pursuant to Trial Rule 56. Further, the Court finds that there are no material issues of fact and Court now orders summary judgment for the defendants, and each of them, and against the plaintiffs herein. Costs to the plaintiffs.

## DISCUSSION

The parties correctly argue that the Indiana Tort Claims Act provides for immunity from suit for the performance of a discretionary function. The defendants argue that the *City of Hammond v. Cataldi* [(1983) 3d Dist., Ind.App.] 449 N.E.2d 1184, provides a definition of 'discretionary function' along with other cites given dealing with prosecuting attorneys and others.

In the instant case, the Indian Heights Volunteer Fire Department contracted with the Taylor Township Trustee to provide fire protection. The determination by the Township Trustee of the provider of the service and the contract entered was a ministerial function of defendant trustee. Once the contract is completed and the the Volunteer Fire Department enters into the general performance of the contract, the manner of providing fire protection is also a ministerial function. This however can be distinguished from the manner in which the particular fire is combatted, which is a discretionary function, by the fact that all fires are different and require separate and distinct judgments as to the proper manner of combatting. Therefore, improperly fighting a fire does not give rise to liability on the part of the Volunteer Fire Department or the Township Trustee as such was a discretionary function as concerns that particular fire.

SO ORDERED THIS 17th DAY OF JANUARY, 1985.

> s/ Dennis H. Parry
> Dennis H. Parry, Judge,
> HOWARD SUPERIOR COURT

Record at 67–68.

## I.

■ "Ayreses contend that the trial court improperly converted the defendants' motions to dismiss for failure to state a claim under Trial Rule 12(B)(6) into motions for summary judgment under Trial Rule 56. They claim that they first received notice of this conversion upon receipt of the court's judgment. The Ayres argue that while a trial court may treat a motion to dismiss as a motion for summary judgment by considering matters outside the pleadings, it must abide by the provisions of Trial Rule 56 which mandate that the trial judge give the parties ten (10) days notice that a hearing will be conducted upon the summary judgment motion.

"Ayreses present the same basic argument encountered by the First District of this Court in *Carrell v. Ellingwood* (1981) 1st Dist.Ind.App., 423 N.E.2d 630. We find that panel's analysis of the inter-relationship between the two trial rules persuasive:

> 'The provision of T.R. 56(C) quoted above [ten day notice of hearing] was designed for the usual situation where the motion was filed as a motion for summary judgment which would generally contain supporting materials. That a hearing date is to be set prospectively serves to allow sufficient time for the opposing party to file his matters in opposition to the motion, as well as the usual purposes of allowing time for preparation for any hearing. A peremptory ruling on a motion for summary judgment is not intended. However, where a court treats a motion to dismiss under T.R. 12(B)(6) as a motion for summary judgment under T.R. 56, as here exists, a slightly different circumstance is posed and a different rule is invoked. T.R. 12(B)(8) requires the court, in such circumstances, to grant the parties 'a reasonable opportunity to present all material made pertinent to such a motion by Rule 56.' Failure to do so is reversible error. *Foster v. Littell,* (1973) 155 Ind.App. 627, 293 N.E.2d 790.' 423 N.E.2d at 634.

Indeed, Trial Rule 12(B) specifically provides for the conversion of a motion to dismiss into a motion for summary judgment and for the time period in which the parties may respond to such a conversion:

> 'If, on a motion, asserting the defense number [12(B) ] (6), to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and

not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. In such case, all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.'

"In *Carrell, supra*, 423 N.E.2d 630, and *Foster v. Littell, supra*, 293 N.E.2d 790, the trial courts considered matters outside the pleadings and converted the 12(b)(6) motions into motions for summary judgment without holding hearings or giving the parties notice that they were doing so. In both instances this was held reversible error because the trial courts did not allow the opposing parties a 'reasonable opportunity to present all material made pertinent to such a motion by Rule 56.' Ind. Rules of Procedure, Trial Rule 12(B)(8). The question thus becomes whether the trial court here presented Ayreses with such an opportunity.

"The court held a hearing upon defendants' motions and while it is clear from the transcript that all parties and the court referred to the hearings as one upon the motions to dismiss, it is also apparent that the court and the parties treated the hearing as the functional equivalent of a hearing on motions for summary judgment. The trial court, in opening the hearing, specifically called for the submission of 'any evidence' or argument. Record at 95. The record before us reveals that Ayres filed with the trial court interrogatories and request for production of documents. Both defendants filed answers to these interrogatories and produced the written contract requested. All parties referred to these answers and the contract during their presentations at the hearing.

"Because it was apparent that matters outside the pleadings were presented to and not excluded by the trial court, it was error for that court to refer to the hearing as one on the motions to dismiss and not provide the parties with notice that it was converting the motions into ones for summary judgment. However, because the parties availed themselves of the opportunity to present evidence pertinent to summary judgment motions, we fail to see how Ayreses were prejudiced by the lack of prior formal notice. In neither the motion to correct errors nor their appellants' brief are we informed by the Ayreses of what material or evidence they would have presented at the hearing had they known it was one for summary judgment or how any such material might have altered the outcome. In this situation where the party opposing the conversion presents no substantiated argument of how such notice would have altered his presentation at the hearing, the error is deemed harmless. *See Milwaukee Typographical Union No. 23 v. Newspapers, Inc.* (7th Cir.1981) 639 F.2d 386, 391, *cert. denied* (1981) 454 U.S. 838, 102 S.Ct. 144, 70 L.Ed.2d 119; *Chicago-Midwest Meat Association v. City of Evanston* (7th Cir.1978) 589 F.2d 278, 282, *cert. denied* (1979) 442 U.S. 946, 99 S.Ct. 2895, 61 L.Ed.2d 318 (where no potential disputed material issue of face exists, a summary judgment will not be disturbed even though the district court disregarded the procedure which should have been followed). *See also Choudhry v. Jenkins* (7th Cir.1977) 559 F.2d 1085, 1089, *cert. denied* 434 U.S. 997, 98 S.Ct. 634, 54 L.Ed.2d 491, and *Macklin v. Butler* (7th Cir.1977) 553 F.2d 525, 528 (where the record discloses the existence of unresolved material factual issues, or where the parties represent that they would have submitted specific controverted material factual issues to the trial court if they had been given the opportunity, the appellate court will find that summary judgment was inappropriate). In this case Ayreses have failed to show that they were prejudiced by the trial court's treatment of the motions to dismiss as motions for summary judgment and, therefore, the court's failure to follow the proper procedures for such a conversion does not constitute reversible error.

## II.

"Ayreses contend that defendants were not entitled to summary judgment. They allege that the specific acts of negligence

on the part of the Fire Department were ministerial acts and therefore the Indiana Tort Claims Act does not provide immunity. Secondly, Ayreses contend that even if the negligent acts were discretionary, the Fire Department, through its contract with the Township Trustee, had assumed a special or private duty, the breach of which results in liability for the governmental entity. *See Estate of Tanasijevich v. City of Hammond* (1978) 3rd Dist. 178 Ind.App. 669, 383 N.E.2d 1081.

"Ayreses claim that the Trustee is liable for the negligent acts of the Fire Department because the selection of the Fire Department by the Trustee was made pursuant to a statute, I.C. 36–8–13–2, and, therefore, was a ministerial act for which the Indiana Tort Claims Act does not provide immunity. *See State Department of Mental Health v. Allen* (1981) 4th Dist.Ind. App., 427 N.E.2d 2, 4, *reh. denied* 432 N.E.2d 435, (1982). Additionally Ayreses contend that even if the selection of the Fire Department by Trustee was a discretionary act within the meaning of the Indiana Tort Claims Act, the Trustee, pursuant to its contract for fire protection with the Fire Department assumed a 'special or private duty' to the Ayres.

"In reviewing the granting of a motion for summary judgment, the Court of Appeals applies the same standard applicable in the trial court. *Jones v. City of Logansport* (1982) 3rd Dist. Ind.App., 436 N.E.2d 1138, *reh. denied* 439 N.E.2d 666. Summary judgment is proper only where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Indiana Rules of Procedure, Trial Rule 56(C); *Kahf v. Charleston South Apartments* (1984) 2d Dist. Ind.App., 461 N.E.2d 723. We must reverse the grant of a summary judgment motion if the record discloses an unresolved issue of material fact or an incorrect application of the law to those facts. *Jones v. City of Logansport, supra,* 436 N.E.2d 1138. When a motion for a summary judgment is sustained, the non-prevailing party is prevented from having his day in court

and, therefore, the determination of the trial court on the motion must be carefully scrutinized on appeal. *Middelkamp v. Hanewich* (1977) 3rd Dist. 173 Ind.App. 571, 364 N.E.2d 1024. In considering the motion for summary judgment, the contents of all pleadings, affidavits and testimony are liberally construed in the light most favorable to the non-moving party. *Kahf v. Charleston South Apartments, supra.* 'Although Trial Rule 56 permits the introduction of affidavits, depositions, admissions, interrogatories and testimony to aid the court in the resolution of the motion for summary judgment, the procedure involved is not a summary trial.' *Jones v. City of Logansport, supra* at 1143."

We are in total accord with the Court of Appeals that the trial court properly entered summary judgment in favor of the Township Trustee since the Indiana Tort Claims Act protects from liability government entities or employees for negligence associated with the performance of a discretionary function. In *City of Hammond v. Cataldi* (1983), Ind.App., 449 N.E.2d 1184, the Third District Court of Appeals faced a case involving similar allegations of negligence for fire fighting methods which caused loss of a restaurant. The *Cataldi* court explained that the traditional doctrine of governmental immunity had been abrogated by the Indiana Tort Claims Act, Ind.Code § 34–4–16.5–1, et seq., (Burns Code Ed.Supp.1982). However as that court observed, certain governmental actions are still protected. Ind.Code § 34–4–16.5–3 provides in pertinent part, "A governmental entity or an employee acting within the scope of his employment is not liable if a loss results from: ... (6) the performance of a discretionary function; ...." The *Cataldi* decision then explored the distinctions between ministerial and discretionary acts of governmental entities. The court held that decisions as to how to fight a particular fire require that discretionary judgments be made regarding the appropriate methods and techniques for the unique situation presented by the fire.

Therefore, the city was held immune from liability as a matter of law. The trustee of Taylor Township, Howard County, Indiana, was immune from liability here for the same reasons. The duty of the trustee to provide fire protection is non-delegable. *Center Township of Porter County v. City of Valparaiso* (1981), Ind.App., 420 N.E.2d 1272, *trans. denied.* That duty is a general duty owed to the citizenry at large. The Ayres contend that even if the selection of the fire department was a discretionary function, the trustee owed them a special or private duty by virtue of the contract entered into with the Fire Department. The Ayres claim they are third-party beneficiaries of that contract and thus should have specific rights to enforce the joint contractual agreement to prevent the spread of, as well as loss due to fire and to make all possible efforts to save property and lives. There is no showing here that the township assumed a special or private duty to a particular member of the public through the contractual third-party beneficiary theory. The contract entered into between the trustee and the fire department was for the benefit of the residents of Taylor Township as a whole. The obligation was not particularized as to any single resident of the township, including these plaintiffs. We therefore hold that the trial court and the Court of Appeals properly found summary judgment in favor of the Township Trustee to be appropriate.

■ The remaining issue is the appropriateness of the trial court's entry of summary judgment in favor of the volunteer fire department. When private individuals or groups are endowed by the state with powers or functions governmental in nature, they become agencies or instrumentalities of the state and are subject to the laws and statutes affecting governmental agencies and corporations. *Evans, et al. v. Newton, et al.* (1966), 382 U.S. 296, 86 S.Ct. 486, 15 L.Ed.2d 373. Firefighting is a service that is uniquely governmental. The need to control, prevent, and fight fires for the common good of the community has been universally accepted as a governmental function and duty in this State and, as far as we can determine, in this Nation from its very beginning. *See* 57 AmJur2d § 256. If there is any deviation from this in any state or community, we know not of it and it certainly represents a small minority. Nor do we know of the existence in Indiana of any private enterprise in the business of fighting fires. This distinguishes the volunteer fire department from independent contractors in the business of paving streets, constructing school buildings or bridges, or many of the other private enterprises the government is sometimes called upon to hire to fulfill its governmental duties to the public. Those who pave streets, construct schools, or build bridges for hire by state or local government are in the business of doing these projects. They are private businesses available to anyone requiring their services, either public or private, and at a charge for their services. This is not true of any volunteer fire department organized pursuant to our statutory law and particularly was not true of Indian Heights Volunteer Fire Department, Inc.

■ In Title 36, Art. 8, Ch. 11, 12, and 13, our Legislature recognized the need for local governments to provide for fire protection in their communities and authorized the structures to be used in these provisions. Chapter 11 is concerned with the establishment of fire protection districts. It is apparent that the Legislature recognized the limited financial resources in a township to provide the complete and sophisticated equipment a municipality or large district might be able to provide and in Chapter 13 authorized townships to provide fire protection for the citizens living within the township, including the creation of volunteer fire departments. Chapter 12 sets out the specific methods by which volunteer fire departments are organized and created. In Chapter 12 we find the following provisions: "Volunteer fire company, means a company or association organized for the purpose of answering fire alarms and extinguishing fires, the members of which receive no compensation or nominal compensation for their services." Ind.Code

§ 36–8–12–2. The volunteer firefighter is one "who has volunteered to assist either without compensation or for nominal compensation in fighting all fires occurring within the corporate boundaries of the unit of which he is an assigned member." Ind. Code § 36–8–12–2. Ind.Code § 36–8–12–4 provides that a contract between a governmental unit and a volunteer fire company must provide for an amount of money that includes the amount the unit is required to pay under Chapter 12 for insurance premiums, clothing, automobile and other allowances. Ind.Code § 36–8–12–5 provides that the unit shall pay to each active and participating member of a volunteer fire company certain clothing and automobile allowances. Ind.Code § 36–8–12–6 and 7 provide that the unit must be responsible for insurance that covers the members of the voluntary fire department for accidental injury or death in the course of performance of the duties of fighting fires such as medical expenses, indemnity from his usual vocation, etc. Notably, Ind.Code § 36–8–12–3 provides:

"Agreements with volunteer fire companies authorized.

—A unit may enter into an agreement with one or more volunteer fire companies that maintain adequate firefighting service for the use and operation of fire fighting apparatus and equipment owned by the volunteer fire company, including the service of the operators of the apparatus and equipment, so that the private and public property of the unit is saved from destruction by fire."

Chapter 13 is concerned with township fire protection and emergency services. Ind.Code § 36–8–13–2 provides:

"Authorization to provide fire protection. If a majority of the owners of taxable real property residing within and owning real property within that part of a township located outside the corporate boundaries of a municipality petition the township executive and legislative body to provide fire protection in that part of the township, the executive and legislative body shall grant the petition and proceed without delay to provide for fire protec-

tion. The executive and legislative body shall determine which of the methods in section 3 [36–8–13–3] of this Chapter for providing fire protection in townships will be followed."

Ind.Code § 36–8–13–3 provides five methods by which the township may provide fire service to the community through the use of volunteer fire departments as follows:

"... (1) Purchase firefighting apparatus and equipment for the township and provide for the housing, care, maintenance, operation, and use of it to extinguish fires that occur within the township but outside the corporate boundaries of municipalities, and also employ full-time or part-time firefighters to operate the apparatus and equipment and to fight and extinguish fires occurring in that area;

(2) Contract with a municipality in the township or in a contiguous township that maintains adequate firefighting or emergency services apparatus and equipment to provide fire protection or emergency services for the township in accordance with IC 36–1–7 [36–1–7–1—36–1–7–12];

(3) Cooperate with a municipality in the township or in a contiguous township in the purchase, maintenance, and upkeep of firefighting or emergency services apparatus and equipment for use in the municipality and township in accordance with IC 36–1–7;

(4) Contract with a volunteer fire company that has been organized to fight fires in the township for the use and operation of firefighting apparatus and equipment that has been purchased by the township in order to save the private and public property of the township from destruction by fire, including use of the apparatus and equipment in an adjoining township by the company if the company has made a contract with the executive of the adjoining township for the furnishing of firefighting service within the township; or

(5) Contract with a volunteer fire company that maintains adequate firefight-

ing service in accordance with IC 36–8–12 [36–8–12–1—36–8–12–12]. [IC 36–8–13–3, as added by Acts 1981, P.L. 309, § 65.]

It is clearly the intention of the Legislature to recognize volunteer fire departments as instrumentalities of local government regardless of which of the five methods used. The provision for creating the fire department in the township and the authorizing of the use of volunteer firefighters made up of citizens of the community was obviously meant to provide a service pursuant to an exclusive governmental function. The Indian Heights Volunteer Fire Department was so constituted. It was composed of volunteer citizens of the township to provide a specific service to that specific geographic area pursuant to statutory authorization and at the behest of the elected township authority. The contract price of $27,500 a year could reasonably be determined to be nominal in amount and to cover those obligations required in Title 36, Art. 8, Ch. 12. This fire department was therefore an instrumentality of local government and was protected by the Indiana Tort Claim Act along with the township that employed it. Other jurisdictions have recognized that volunteer fire departments are subject to whatever liability obtains to other agencies and instrumentalities of local government. *Ford v. City of Caldwell* (1958), 79 Idaho 499, 321 P.2d 589; *Canade, Inc. v. Town of Bluegrass* (1972), Iowa, 195 N.W.2d 734; *Rhodes v. City of Kansas* (1949), 167 Kan. 719, 208 P.2d 275, *reh. denied; Klassette v. Liggett Drug Co.* (1947), 227 N.C. 353, 42 S.E.2d 411; *Devers v. Scranton* (1932), 308 Pa. 13, 161 A. 540. The Indian Heights Volunteer Fire Department, Inc., is not an independent contractor as that term is intended in the Indiana Tort Claim Act, Ind.Code § 34–4–16.5–2.

The trial court is in all things affirmed.

GIVAN, C.J., and SHEPARD, J., concur.

DeBRULER, J., dissents and would deny transfer.

DICKSON, J., not participating.