**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 07 2014, 10:09 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**TIMOTHY O. MALLOY**
**EDWARD C. LAWHEAD**
Malloy Etzler & Lawhead, P.C.
Highland, Indiana

ATTORNEY FOR APPELLEE:

**EDWARD W. HEARN**
Johnson & Bell, P.C.
Crown Point, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| D'ARCY LAMBERT-KNIGHT, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 64A03-1310-CT-408 |
| | ) | |
| JOHN S. SHELHART and JENNIFER VILLARS, | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

APPEAL FROM THE PORTER SUPERIOR COURT
The Honorable William E. Alexa, Judge
Cause No. 64D02-1212-CT-12851

**August 7, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Plaintiff, D'Arcy Lambert-Knight (Lambert-Knight), appeals the trial court's conversion of Appellee-Respondent's, Jennifer Villars (Villars), motion to dismiss to a motion for summary judgment.

We affirm.

## ISSUES

Lambert-Knight raises one issue on appeal, which we restate as two issues:

(1) Whether the trial court erred by converting Villars' motion to dismiss into a motion for summary judgment without giving prior notice to Lambert-Knight; and

(2) Whether the statute of limitations defect was cured by Indiana Trial Rule 15(C).

## FACTS AND PROCEDURAL HISTORY

On January 27, 2011, Lambert-Knight, an employee of Comcast, was scheduled to go to the home of John Shelhart (Shelhart) and Villars, located on 391 Sandalwood Road, Valparaiso, Indiana, to perform service repairs. In the process of getting his tools and ladder off his vehicle, Lambert-Knight fell on the snow and ice that covered the driveway. As a result, Lambert-Knight sustained a torn left rotator cuff.

On December 19, 2012, Lambert-Knight filed a Complaint, sounding in negligence, and made a claim of personal injuries and damages as a result of the fall. The initial

Complaint had only named Shelhart as the defendant, however, on January 30, 2013, Lambert-Knight filed a motion for leave to file an amended Complaint, adding Villars as a party to the suit. On February 1, 2013, the trial court granted Lambert-Knight's motion. On March 19, 2013, Villars filed a motion to dismiss on grounds that the amended Complaint failed to state a claim against her and that the statute of limitations had run out, therefore barring Lambert-Knight from adding her as a defendant to the suit.

On April 5, 2013, Lambert-Knight filed a response to the motion to dismiss and hearing was set for May 22, 2013. Neither Lambert-Knight nor his counsel attended the hearing, and as such, the trial court proceeded *ex parte*. On May 23, 2013, the trial court issued a summary judgment in favor of Villars. On May 29, 2013, Lambert-Knight filed a motion to vacate the summary judgment Order. In a hearing held on September 6, 2013, Lambert-Knight argued that even though the time for the statute of limitations had run out to add Villars as a party to the suit, Trial Rule 15(C) cured that defect. Subsequently, the trial court issued an Order on September 17, 2013, denying Lambert-Knight's motion to set aside the Order for Summary Judgment.

Lambert-Knight now appeals. Additional information will be provided as necessary.

## DISCUSSION AND DECISION

### I. *Propriety of Converting the Motion to Dismiss*

Lambert-Knight contends that the trial court erred by converting Villars' motion to dismiss under Indiana Trial Rule 12(B)(6) into a motion for summary judgment under Indiana Trial Rule 56. Lambert-Knight also argues that this conversion came without prior notice.

Where a trial court treats a motion to dismiss as one for summary judgment, the court must grant the parties a reasonable opportunity to present T.R. 56 materials. *See* T.R. 12(B). The trial court's failure to give explicit notice of its intended conversion of a motion to dismiss to one for summary judgment is reversible error only if a reasonable opportunity to respond is not afforded a party and the party is thereby prejudiced. *Azhar v. Town of Fishers*, 744 N.E.2d 947, 950-51 (Ind. Ct. App. 2001).

Our review of the relevant cases discloses at least three considerations pertinent to a determination of whether a trial court's failure to give express notice deprives the nonmovant of a reasonable opportunity to respond with T.R. 56 materials. *Id.* at 950. First, we consider whether the movant's reliance on evidence outside the pleadings should have been so readily apparent that there is no question that the conversion is mandated by T.R. 12(B). *Id.* at 951. *See Duran v. Komyatte,* 490 N.E.2d 388, 391 (Ind. Ct. App. 1986), (noting that the operation of T.R. 12(B) is "well known" and a "clear mandate" of which counsel should be cognizant). *trans. denied.* Second, we consider whether there was ample time after the filing of the motion for the nonmovant to move to exclude the evidence relied upon by the movant in support of its motion or to submit T.R. 56 materials in response thereto. *Azhar*, 744 N.E.2d at 951. *See Biberstine v. N.Y. Blower Co.*, 625 N.E.2d 1308,

1314 (Ind. Ct. App. 1993), *reh'g denied.* Third, we consider whether the nonmovant presented a "substantiated argument" setting forth how [he] "would have submitted specific controverted material factual issues to the trial court if [he] had been given the opportunity." *Id.*

Mindful of these considerations, we conclude that the trial court did not commit reversible error in converting Villars' motion to dismiss into a motion for summary judgment.

Given the wording of T.R. 12(B) (6), Lambert-Knight should have known that the trial court was compelled to convert the motion to dismiss to a motion for summary judgment. *See Duran*, 490 N.E.2d at 391. Second, we find that Lambert-Knight was afforded ample opportunity to present T.R. 56 materials. Villars' motion to dismiss was filed on March 19, 2013. On April 5, 2013, Lambert-Knight filed a response to Villars' motion and on April 8, 2013, he also filed a memorandum of law in support of his response. On May 22, 2013, the trial court held an *ex parte* hearing, and subsequently issued an Order for Summary Judgment as a matter of law, for the simple reason that the action was not commenced in a timely fashion against Villars. Lastly, we find that Lambert-Knight has not shown what additional material he would have presented if explicit notice had been given; nor does he argue or demonstrate how the additional materials would have altered the outcome of the proceedings. *See Ayres v. Indian Heights Volunteer Fire Department,* 493 N.E.2d 1229, 1233 (Ind. 1986) (any error in failing to give notice is harmless where

party fails to show he could have presented material which might have altered the outcome of the proceedings).

Based on the foregoing, we find that the trial court did not err in granting summary judgment, dismissing Lambert-Knight's claim. Therefore, we conclude that the trial court properly converted Villars' motion to dismiss to a motion for summary judgment,

## II. *Trial Rule 15(C)*

Lambert-Knight also contends that even if the statute of limitations had expired, Trial Rule 15(C) cured that defect. We note that the applicable statute of limitations is determined by identifying the nature or substance of the cause of action. *Schuman v. Kobets*, 716 N.E.2d 355, 356 (Ind. 1999). Because Lambert-Knight's cause of action involves a personal injury, the applicable statute of limitations is two years. Ind. Code § 34-11-2-4. Lambert-Knight's amended Complaint named Villars as a defendant after the two-year statute of limitations had expired. This notwithstanding, we note that a party may belatedly add a party defendant after the statute of limitations has run if the requirements of T.R. 15(C) are met. The question, now, is whether Lambert-Knight's amended Complaint fulfills the requirements of T.R. 15(C). T.R. 15(C) states:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment:
>
> (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and

6

(2) knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Lambert-Knight maintains that Villars had actual notice of the filing of the original complaint since she was Shelhart's ex-wife, and that Shelhart must have communicated to her about the impending suit. Lambert-Knight therefore argues that since Villars had constructive notice of the lawsuit from its inception, the amended Complaint related back to the original suit.

Turning to the record, we note that Lambert-Knight filed his Complaint in December 19, 2012. For this case, the statute of limitations would begin from the date of the slip and fall which was January 27, 2011; and the two year period would toll on January 27, 2013. On January 30, 2013, Lambert-Knight filed an amended Complaint adding Villars as party to the suit. Having failed to name Villars within the limitation of time period, Lambert-Knight then bore the burden of proving that Villars either had notice that the Complaint had been filed or knew or should have known that, except for a mistake concerning her identity, she would have been a named defendant. *See Wabash Grain, Inc. v. Smith*, 700 N.E.2d 234, 239 (Ind. Ct. App. 1998) *trans. denied*. Furthermore, we note that T.R. 15(C) allows relation back for an honest error that results in a mistake of identity, and was "not intended to save parties from the legal or tactical choices made by their lawyers." *Porter Cnty. Sheriff Dep't v. Guzorek*, 857 N.E.2d 363, 376 (Ind. 2006).

Here, Villars properly designated materials to the trial court which indicated that the suit was barred because of time. On the other hand, Lambert-Knight failed to designate

7

any evidence that supports his claim. Lambert-Knight presented no evidence that Villars had notice of the impending suit or that she knew of the mistake. Under T.R. 15(C), the plaintiff must establish that the requirements are present for T.R.15(C) to apply. Lambert-Knight has not done so. The trial court correctly determined that Lambert-Knight did not fulfill the requirements of T.R.15(C) and that his claim against Villars was barred by the statute of limitations. Therefore, we conclude that the trial court correctly issued an Order for Summary Judgment.

CONCLUSION

Based on the foregoing, we conclude that Lambert-Knight did not file his claim within two years. Because this condition precedent was not met, Lambert-Knight's claim was properly dismissed pursuant to T.R. 56, and T.R. 15(C) did not revive his cause of action.

Affirmed.

ROBB, J. and BRADFORD, J. concur