**Tracey SPENCER, Administratrix of the Estate of William Spencer, Deceased, Appellant (Plaintiff Below),**

v.

**Philip A. CHRISTIANSEN, M.D., Appellee (Defendant Below).**

**No. 49A02–8812–CV–450.**

Court of Appeals of Indiana, Second District.

Feb. 14, 1990.

Rehearing Denied April 6, 1990.

Patrick J. Bennett, Bennett & Sheff, Indianapolis, for appellant.

Joseph M. Scodro, Jon D. Krahulik, Bingham Summers Welsh & Spilman, Indianapolis, for appellee.

SHIELDS, Presiding Judge.

Tracey Spencer, as Administratrix of the Estate of William Spencer (Administratrix), appeals an adverse judgment in her medical malpractice action against Dr. Philip A. Christiansen.

We affirm.

### ISSUE

Whether the trial Court erred in admitting into evidence the opinion of the medical review panel.

### FACTS

William Spencer (Spencer) consulted Dr. Christiansen in 1984. Dr. Christiansen ordered a barium enema and subsequently diagnosed Spencer as having ulcerative colitis, which can lead to cancer. Spencer died of cancer of the colon in late 1984. Had another procedure known as a colonos-

copy been performed, Spencer's cancer might have been discovered earlier.

As required by the Indiana Malpractice Act, IC 16-9.5-1-1 *et seq.* (1988), Administratrix initiated a malpractice action by submitting a proposed complaint to the Indiana Department of Insurance. Her claim was that Dr. Christiansen breached his duty to inform William Spencer of the risk of misdetermining the date of the onset of the disease, thus "depriving him of the opportunity to decide whether he should consider undergoing a colonoscopy." Appellant's Brief at 6. A medical review panel was convened. The opinion rendered by the panel follows the language of IC 16-9.5-9-7(b), and reads:

### OPINION OF THE MEDICAL REVIEW PANEL

The medical review panel in this matter convened on April 20, 1987. Having reviewed all of the evidence submitted by the parties to the panel in this case, the medical review panel hereby renders its expert opinion.

The panel is of the unanimous opinion that the evidence does not support the conclusion that the defendants failed to meet the applicable standard of care as charged in the complaint.

Record at 130.

A complaint was filed in the trial court. Administratrix filed a motion to strike the panel opinion, which was denied. The opinion was subsequently admitted over her objection at trial. The jury found for Dr. Christiansen, and Administratrix appeals.

### DECISION

Administratrix argues the medical review panel, in rendering its opinion, decided an issue of fact that must be decided by the jury: whether Dr. Christiansen disclosed to Spencer the risk of miscalculating the date of the onset of his ulcerative colitis. She asserts that the panel's opinion was therefore erroneous—that the panel instead should have rendered an opinion stating that there remained questions of fact not requiring expert opinion, as provided by IC 16-9.5-9-7(c). The panel's implicit factual determination, she contends, should not have been presented to the jury due to its highly prejudicial nature.

By statute, the opinion of the medical review panel is admissible. IC 16-9.5-9-9 effectively overrules the common law prohibition against hearsay evidence in this instance. However, if the opinion reached by the panel necessarily assumes or resolves a disputed fact not requiring medical expertise, the panel has exceeded its statutory authority. Where lay issues remain, IC 16-9.5-9-7(c) directs the panel to report that "there is a material issue of fact, not requiring expert opinion, bearing on liability for consideration by the court or jury." Therefore, if the medical review panel assumed or determined a disputed fact not requiring medical expertise in making its decision, the trial court erred in admitting the panel's opinion.

■ Indiana recognizes the duty of a physician to "make a reasonable disclosure of material facts relevant to the decision which the patient is requested to make." *Joy v. Chau* (1978), 177 Ind.App. 29, 39, 377 N.E.2d 670, 676–77. As a general rule, expert medical testimony is required to establish the content of the "reasonable disclosure." *Kranda v. Houser–Norborg Medical Corp.* (1981), Ind.App., 419 N.E.2d 1024, *appeal dismissed* (1982), 459 U.S. 802, 103 S.Ct. 23, 74 L.Ed.2d 39. However, whether the required disclosure occurred and its adequacy is an issue of fact that does not require medical expertise; accordingly, medical expert opinion on the jury issue is inappropriate. *Johnson v. Padilla* (1982), Ind.App., 433 N.E.2d 393.

■ Here, whether there is a significant risk in misdetermining the date of the ulcerative colitis onset is an issue requiring expert medical opinion. Whether the risk, if any, was adequately communicated to Spencer is an issue of fact for the jury to determine unassisted by "expert opinion."

The parties agree Dr. Christiansen did not inform William Spencer of the risk of miscalculating the date of the onset of his ulcerative colitis. The medical review board did not determine otherwise. Dr.

Schaefer testified there was no evidence before the panel that Dr. Christiansen advised Spencer of any risk in miscalculating the onset of his illness.[1] Therefore, the panel could have concluded only that Dr. Christiansen's failure to advise Spencer of the risk in miscalculating the date of the onset of his illness did not constitute a failure to meet the applicable standard of care.

The opinion of the medical review board is admissible, by statute, and is entitled to such weight as the jury deems appropriate. It may be disputed by contrary opinion, including the now contrary opinion of a member of the medical review panel as occurred here. Dr. Schaefer testified it was his present opinion a physician had a duty to disclose to his or her patient the risk of miscalculating the date of the onset of ulcerative colitis, although that apparently was not his opinion at the time he joined in the opinion of the medical review panel.

Administratrix failed to meet her burden of proving that the medical review panel's opinion was improper in that it determined a disputed issue of fact not requiring medical expertise. Therefore, the trial court did not err in allowing the opinion into evidence.

Judgment affirmed.

BUCHANAN and STATON, JJ., concur.

---

1. In response to the question propounded by Administratrix, " 'Did you have any information that Dr. Christiansen ever advised Mr. Spencer as to the uncertainty ... that he had or may have had about the date of onset of Mr. Spencer's ulcerative colitis?' " Dr. Schaefer, a member of the medical review panel, responded, " 'Not that I am aware of.' " Record at 126.