**Pamela S. DICKEY, Individually and as Parent and Natural Guardian of Eric L. Dickey, a Minor, Appellant, (Plaintiff Below),**

v.

**James A. LONG, II, O.D., Appellee, (Defendant Below).**

No. 02A03–9010–CV–460.

Court of Appeals of Indiana, Third District.

July 25, 1991.

Ronald L. Sowers, Richard R. Bleeke, Sowers, Bleeke & Associates, Fort Wayne, for appellant.

Mark W. Baeverstad, Hunt, Suedhoff, Borror & Eilbacher, Fort Wayne, for appellee.

HOFFMAN, Presiding Judge.

Plaintiff-appellant Pamela S. Dickey, as the parent and natural guardian of Eric L. Dickey, appeals an adverse judgment after a trial by jury on a claim of medical malpractice against defendant-appellee Dr. James A. Long, II, an optometrist. Dickey raises one issue for review: whether the trial court erred in admitting into evidence the opinion of the medical review panel over her objection at trial.

The evidence relevant to the appeal discloses that Dickey consulted Dr. Long in June 1986 when Eric's right eye turned inward. Eric was eight years old at the time. Dr. Long treated the eye crossing with patching and glasses. After approximately one year of treatment by Dr. Long, Eric was seen by a pediatrician for a camp physical. The pediatrician noticed that Eric's optic discs were elevated. The pediatrician referred Eric to an opthalmologist who discovered a condition which required installation of a shunt to drain excess cerebrospinal fluid thereby relieving pressure from Eric's optic nerve. Approximately one year after the shunt operation, a small quiescent tumor was discovered deep in Eric's mid-brain.

On September 15, 1989, a medical review panel comprised of two optometrists from Indianapolis and one optometrist from

Bloomington rendered a decision finding that "the evidence does not support the conclusion that the Defendant, James A. Long, II, O.D., failed to comply with the appropriate standard of care as charged in the Complaint." On October 17, 1989, Dickey filed a complaint in Allen Superior Court.

Prior to trial of the cause, Dickey unsuccessfully sought an order *in limine* excluding from evidence the medical review panel's determination. Dickey properly objected to admission of the report when it was offered into evidence. Dickey claimed then and now on appeal that the decision of the panel exceeded the panel's statutory authority by determining a material issue of fact which did not require expert opinion.

IND.CODE § 16–9.5–9–9 (1988 Ed.) provides:

> "Any report of the expert opinion reached by the medical review panel shall be admissible as evidence in any action subsequently brought by the claimant in a court of law, but such expert opinion shall not be conclusive and either party shall have the right to call, at his cost, any member of the medical review panel as a witness. If called, the witness shall be required to appear and testify. A panelist shall have absolute immunity from civil liability for all communications, findings, opinions and conclusions made in the course and scope of duties prescribed by this article."

Dickey relies upon *Spencer v. Christiansen* (1990), Ind.App., 549 N.E.2d 1090, *trans. den.*, for the proposition that the panel's report is inadmissible "if the medical review panel assumed or determined a disputed fact not requiring medical expertise in making its decision."

*Id.* at 1091;

see IND.CODE § 16–9.5–9–7 (the panel is authorized to render one or more of four opinions including "(c) [t]hat there is a material issue of fact, not requiring expert opinion, bearing on liability for consideration by the court or jury").

The Court in *Spencer* determined that the medical review panel did not resolve a disputed fact and as such could not have exceeded its authority. *Id.* 1091–1092. Ac-cordingly, the report was properly admissible in *Spencer.*

The suggestion in *Spencer* that under certain circumstances the panel's report would be rendered inadmissible constitutes *obiter dictum* and is not supported by authority. Resolution of the case turned upon the failure to demonstrate that the panel decided a disputed fact.

The statute states *"any report ... shall be admissible as evidence...."* (Emphasis added.) IND.CODE § 16–9.5–9–9. The provision for admissibility is unambiguous and absolute. The statute contains safeguards for complainants who wish to attack the efficacy of the panel's decision. By statute, the panel's decision "shall not be conclusive." *Id.* Further, either party may examine a panelist as a witness and the panelists are required to appear and testify if called. *Id.*

Here, Dickey availed herself of the safeguard provisions and thoroughly examined the panelist whom she asserts exceeded the scope of the panel's authority by determining a material issue of fact which did not require expert opinion. Any frailities in the panel opinion were exposed at trial and judged by the trier of fact.

There being no finding of error, the judgment is affirmed.

Affirmed.

RATLIFF, C.J., and STATON, J., concur.