**John WINBUSH, Appellant**
**(Plaintiff Below),**

v.

**MEMORIAL HEALTH SYSTEM, INC. d/b/a Memorial Hospital, Joseph Lee, M.D., South Bend Emergency Physicians, Inc., Individually and as agents of Memorial Health System, Inc., d/b/a Memorial Hospital, and Jane Doe, R.N., Individually and as an Agent of Memorial Health System, Inc., d/b/a Memorial Hospital.**

No. 20S03–9111–CV–930.

Supreme Court of Indiana.

Nov. 26, 1991.

Anthony DeBonis, Jr., Smith & DeBonis, East Chicago, for appellant Winbush.

Robert J. Palmer, Joseph J. Jensen, Maggi Mawby Chipman, May Oberfell & Lorber, South Bend, for appellee Memorial Health System, Inc. d/b/a Memorial Hosp.

Edward A. Chapleau, South Bend, for appellees Lee & South Bend Emergency Physicians, Inc.

DICKSON, Justice.

In this medical malpractice case, the trial court granted summary judgment for defendants Memorial Health System, Inc., d/b/a Memorial Hospital (Memorial Hospital), Dr. Joseph Lee, M.D., and South Bend Emergency Physicians, Inc. (Emergency Physicians), and against Plaintiff John Winbush. The plaintiff appealed, presenting three issues: 1) failure to notify plaintiff of hearing of the doctors' motion for summary judgment; 2) failure to consider counter-affidavits filed after the initial summary judgment hearing; and 3) failure to consider plaintiff's interrogatory responses filed before the hearing. In an unpublished memorandum opinion, the Court of Appeals affirmed the trial court. We grant transfer.

In response to the plaintiff's complaint for damages, defendants Dr. Lee and Emergency Physicians jointly filed an alternative motion to dismiss or for summary judgment, with an attached exhibit consisting of a copy of a medical review panel decision favoring Memorial Hospital, Dr. Lee, and Emergency Physicians.[1] Memorial Hospital then filed a separate motion for summary judgment along with an affidavit of its counsel purporting to authenticate an attached copy of the medical review panel decision.

Upon the filing of Memorial Hospital's motion, the trial court set it for hearing on March 16 without reference to the alternative motion previously filed by defendants Dr. Lee and Emergency Physicians. On March 6, 1989, defendants Dr. Lee and Emergency Physicians filed a motion for continuance of the hearing. The court granted the motion, ordering "[h]earing on summary judgment reset to April 20, 1989." Also on March 6, the plaintiff filed a written response to the alternative motion filed by Dr. Lee and Emergency Physicians. Attached to the plaintiff's response was a copy of a report by plaintiff's expert medical witness which had been submitted to the medical review panel. On March 10, 1989, the plaintiff filed a motion "to continue the hearing on the Motion for Summary Judgment by the Defendant Memorial Hospital of South Bend set for March 16" but made no reference to the pending motion of the defendants Dr. Lee and Emergency Physicians. Plaintiff submitted, and the trial court signed, a motion memorandum ordering hearing on defendant Memorial Hospital's motion for summary judgment continued until after April 30, 1989. On March 13, 1989, Memorial Hospital requested that "hearing on summary judgment be reset to April 20, 1989." The request was granted.

On March 31, 1989, Memorial Hospital filed a copy of the plaintiff's answers to interrogatories propounded by Dr. Lee and Emergency Physicians. These included the plaintiff's responses providing the names and addresses of two physician expert witnesses he intended to call to testify at trial. In his verified response to an interrogatory seeking "the substance of such expert testimony, specifically pointing out all alleged negligent acts of defendant Lee and South

---

1. Absent agreement of the parties, a medical malpractice action cannot be commenced before the claimant's proposed complaint has been presented to a medical review panel and an opinion rendered by the panel. Ind.Code § 16-9.5-9-2.

Bend Emergency Physicians, Inc.," the plaintiff provided a copy of the written report of one of the identified expert witnesses and, as to the other expert, the plaintiff specifically itemized seven allegations of sub-standard care.

The record next reflects an entry dated April 17, 1989, which, without naming the specific defendant, states "[d]efendant request [sic] hearing on summary judgment be set. Court now sets same for hearing on May 11, 1989." The court's order book entry at the conclusion of the May 11th hearing reads:

Cause coming on for hearing on the defendant's [sic] Motions to Dismiss or in the alternative to grant summary judgment. All parties appear by counsel. Court having heard arguments takes this matter under advisement.

Record at 73.

The following day, May 12, 1989, the plaintiff filed supplemental answers to interrogatories and responses to requests for production which included the detailed affidavits of the physicians previously identified as intended expert witnesses. The plaintiff also filed a written motion to consider such supplemental answers and responses "on pending motions." In response, defendants Dr. Lee and Emergency Physicians filed a motion to strike the affidavits as untimely under Ind. Trial Rule 56. Memorial Hospital thereafter filed its separate motion to strike.

The trial court then set June 22, 1989, as the date for "hearing all motions filed subsequent to the hearing on Summary Judgment ... and now defers ruling on the summary judgment motion pending disposition of the subsequently filed motions." Record at 112. Following continuances and a hearing at which the parties presented arguments, the trial court on August 22, 1989, granted the defendants' motions to strike the affidavits, found that the plaintiffs initial verified interrogatory answers and attached expert witness letter could not be considered, and granted the defendants' motions for summary judgment.

*Notice of Summary Judgment Hearing*

■ The plaintiff first contends that the trial court failed to provide advance notice that the alternative motion of Dr. Lee and Emergency Physicians was set for hearing as a motion for summary judgment. He argues that the only summary judgment to be included at the May 11 hearing was that of Memorial Hospital. While the record discloses a lack of clarity and potential for ambiguity in the orders setting the hearing, we find significant the March 6, 1989, pleading filed by the plaintiff.

While denominated a "Response to Motion to Dismiss," this memorandum included three paragraphs referring to the possibility that the trial court may treat the alternative motion as one for summary judgment, in response to which the plaintiff attached a copy of an expert opinion letter to rebut the defendants' medical review panel opinion. The plaintiff's pleading closed by expressly requesting the court deny both the motion to dismiss and the motion for summary judgment.

We also note the absence of any contemporaneous objection by plaintiff's counsel to the inclusion of the doctors' summary judgment motion in matters presented in the initial May 11 summary judgment hearing. The plaintiff-appellant has not shown error on this issue.

*Failure to Consider Affidavits*

■ The plaintiff next contends that in ruling upon the defendants' motions for summary judgment, the trial court should have considered the affidavits of his physician expert witnesses filed on May 12, 1989, as supplemental responses to prior interrogatories and requests for production. He argues that the affidavits were timely because the trial court scheduled a second, subsequent hearing on the merits of the motions for summary judgment, and because under T.R. 56(C) the trial court was bound to consider filed answers to interrogatories in determining motions for summary judgment.

At the time of the hearing, T.R. 56(C) required that opposing affidavits be filed "prior to the day of hearing." This clearly

does not authorize the filing of such affidavits after the hearing begins even if it is not concluded until a subsequent date. When the trial court decision was made, T.R. 56(E) specified in pertinent part:

> The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, further affidavits, or, within the discretion of the judge, testimony of witnesses.

The issue is therefore whether the trial court abused its discretion in declining to permit the affidavits, even as supplemental discovery responses, to be considered for purposes of summary judgment.

This is an extremely close question. Ind. Trial Rule 8(F) unequivocally mandates that all pleadings "shall be so construed as to do substantial justice, lead to disposition on the merits, and avoid litigation of procedural points." The plaintiff had promptly opposed the motions for summary judgment with responses indicating that expert medical witnesses would testify contrary to the opinion of the medical review panel. The content of such expected testimony was fully disclosed. While the subsequent affidavits of these experts were not timely filed, it may have been preferable for the trial court to have granted the plaintiff's request that they be considered. However, because the rule delegates such decision to the discretion of the trial court, and because there were ample opportunities for the plaintiff to have timely filed the affidavits, we decline to reverse for abuse of discretion.

### Failure to Consider Interrogatory Answers

The plaintiff also contends that the trial court erred in failing to consider his interrogatory answers and the attached report of an expert medical witness in evaluating the defendants' motions for summary judgment.

■ In the resolution of a motion for summary judgment, the moving party has the burden of establishing the lack of a material factual issue, and the facts alleged in a complaint must be taken as true except to the extent that they are negated by depositions, affidavits, admissions, answers to interrogatories, or testimony presented at the hearing. *Cowe v. Forum Group, Inc.* (1991), Ind., 575 N.E.2d 630. An opposing party's obligation to disgorge evidence demonstrating a triable issue does not arise until the movant carries its burden. *Id.* The contents of all pleadings, affidavits, and testimony are to be liberally construed in the light most favorable to the nonmoving party. *Ayres v. Indian Heights Vol. Fire Dept.* (1986), Ind., 493 N.E.2d 1229.

■ The sole support for the defendants' motions for summary judgment was the written opinion of the medical review panel that the evidence submitted to it did not support the conclusion that Memorial Hospital, Dr. Lee, or Emergency Physicians "failed to meet the applicable standard of care as charged in the complaint." Record at 36. Although not conclusive, medical review panel opinions are admissible as evidence. Ind.Code § 16–9.5–9–9.

■ In the present case, however, neither an affidavit of one of the physician panel members nor a certified copy of the panel opinion was provided to the trial court. Instead, a copy was submitted with the affidavit of Memorial Hospital counsel declaring it to be a true and correct copy of the written decision of the medical review panel. In summary judgment proceedings, supporting or opposing affidavits must be made on personal knowledge and must show affirmatively that the affiant is competent to testify to the matters set forth therein. Trial Rule 56(E). Due to the unique nature of medical malpractice actions and the statutory role of medical review panel opinions, however, we do not find insufficient the manner by which the panel's opinion was presented for purposes of supporting a summary judgment motion. Likewise, we will afford the party here opposing summary judgment similar latitude in demonstrating the existence of a genuine issue for trial.

■ The medical review panel's expert opinion was presented by the affidavit of hospital counsel who was not shown to be

personally competent to testify as to the medical opinions contained therein. Likewise, the plaintiff's opposing medical expert testimony was similarly authenticated by a verified interrogatory answer of the plaintiff, also not shown to be personally competent to provide such expert medical opinion. Mindful of the deference which must be accorded a party opposing summary judgment, we conclude that by disclosing and attaching his medical expert's report, the plaintiff's timely verified interrogatory answers demonstrated the existence of opposing medical expert testimony.

The content of plaintiff's interrogatory answer incorporating his opposing medical expert's report is directed at the issue of alleged negligence of Dr. Lee and Emergency Physicians. It does not controvert the medical review panel opinion that Memorial Hospital was not negligent.

Transfer is granted. Summary judgment for defendants-appellees Joseph Lee, M.D., and South Bend Emergency Physicians, Inc., is reversed. Summary judgment for defendant-appellee Memorial Health System, Inc., d/b/a Memorial Hospital, is affirmed. This cause is remanded to the trial court for further proceedings.

SHEPARD, C.J., and DeBRULER and KRAHULIK, JJ., concur.

GIVAN, J., dissents with opinion.

ON CIVIL PETITION TO TRANSFER

GIVAN, Justice, dissenting.

I respectfully dissent from the majority opinion in this case. I cannot agree with the rationalization in the majority opinion that because the medical review panel decision was not properly certified, the improperly certified affidavits of the plaintiff's experts also should be considered.

In the first place, I find nothing in this record to indicate that the authenticity of the medical review panel's decision was ever challenged or questioned. In the second place, even if we would assume for the sake of argument that the panel's decision was not properly certified, such is not a valid reason to ignore the existing law fol-lowed by both the Court of Appeals and the trial court.

As stated in the Court of Appeals slip opinion at 6, "An unsworn statement or uncertified exhibit does not qualify for consideration in a summary judgment action," citing *McMahan v. Snap On Tool Corp.* (1985), Ind.App., 478 N.E.2d 116, 122, n. 4; *Freson v. Combs* (1982), Ind.App., 433 N.E.2d 55, 59; and *Pomerenke v. National Life and Accident Insurance Co.* (1968), 143 Ind.App. 472, 474, 241 N.E.2d 390, 392. The Court of Appeals also refers us to Ind. Trial Rule 30(F).

This is a hard case and one would feel much more comfortable if appellant's physicians' statements had been properly entered in evidence. However, I cannot justify ignoring the well-established rules because we wish they had been followed.

I believe the Court of Appeals reached the correct decision in this case. I would deny transfer.