Pamela S. DICKEY, Individually and as Parent and Natural Guardian of Eric L. Dickey, a Minor, Appellant, (Plaintiff Below)

v.

James A. LONG II, O.D., Appellee. (Defendant Below)

No. 02S03–9205–CV–384.

Supreme Court of Indiana.

May 18, 1992.

Ronald L. Sowers, Richard R. Bleeke, Sowers, Bleeke & Associates, Fort Wayne, for appellant.

Mark W. Baeverstad, Hunt Suedhoff Borror & Eilbacher, Fort Wayne, for appellee.

ON PETITION TO TRANSFER

KRAHULIK, Justice.

Plaintiff–Appellant, Pamela S. Dickey, parent and natural guardian of Eric L. Dickey, seeks transfer from the Court of Appeals' affirmance of a jury verdict in a claim of medical malpractice in favor of the Defendant–Appellee, Dr. James A. Long II, an optometrist. *See Dickey v. Long* (1991), Ind.App., 575 N.E.2d 339. Dickey contends that it was error for the trial court to admit into evidence the opinion of the Medical Review Panel at trial.

Dickey filed a proposed complaint before the Department of Insurance in order to initiate the medical review panel process. In September of 1989, a medical review panel consisting of two optometrists from Indianapolis and one optometrist from Bloomington rendered a decision finding that "the evidence does not support the conclusion that the defendant, James A. Long, II, O.D., failed to comply with the appropriate standard of care as charged in the complaint." In October of 1989, Dickey filed a complaint in Allen Superior Court.

■ Prior to trial, Dickey sought a motion in limine excluding from evidence the medical review panel's report. This motion was denied, as was Dickey's objection at the time the report was offered into evidence during trial. Dickey continues to claim that the decision of the panel was inadmissible because it exceeded the panel's statutory authority in that one member of the panel allegedly conceded that his decision was based on a determination of a material issue of fact that did not require expert opinion.

Dickey urges that the Court of Appeals' opinion conflicts with the prior opinion of *Spencer v. Christiansen* (1990), Ind.App., 549 N.E.2d 1090, *trans. den.*, because the *Spencer* court held that the panel's report would be inadmissible as evidence "if the medical review panel assumed or determined a disputed fact not requiring expertise in making its decision." This quotation from *Spencer* is merely *dicta*. The specific holding in *Spencer* determined that a medi-

cal review panel had not resolved a disputed fact and, consequently, could not have exceeded its authority. *Id.* at 1091–92. The statement in *Spencer* suggesting that circumstances exist which may render the panel report inadmissible is not a correct statement of the law.

*Indiana Code* § 16–9.5–9–9 (1988) states that *"any* report of the expert opinion reached by the medical review panel shall be admissible as evidence in any action subsequently brought by the claimant in a court of law...." *Id.* (Emphasis added). As Judge Hoffman correctly observed in the Court of Appeals' disposition of this matter, "The provision for admissibility is unambiguous and absolute." *Dickey,* 575 N.E.2d 339, 340.

■ The Court of Appeals' opinion was correctly reasoned. Accordingly, we grant transfer in order to resolve any perceived conflict in the opinions of the Court of Appeals. In resolving any such conflict, we hereby adopt and incorporate by reference the appellate court's opinion. Indiana Appellate Rule 11.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.