Dawana K. Underwood **TUDDER**
and Charlotte A. Gibson,
Appellants–Plaintiffs,

v.

Jose **TORRES**, M.D., and Clemente F.
Oca, M.D., Appellees–Defendants.

No. 22A05–9106–CV–198.

Court of Appeals of Indiana,
Fifth District.

May 20, 1992.

W. Brent Gill, Pardieck, Gill & Vargo, Seymour, for appellants-plaintiffs.

S. Frank Mattox, Mattox & Mattox, New Albany, for appellees-defendants.

BARTEAU, Judge.

Sisters Dawana Tudder and Charlotte Gibson appeal an adverse judgment follow-

ing a jury trial on their claims for medical negligence against Jose Torres, M.D. and Clemente F. Oca, M.D. Tudder and Gibson underwent gastric bypass surgery in order to lose weight. Both women developed complications following the operation. They filed a proposed complaint with the Indiana Department of Insurance, alleging that Torres and Oca "negligently failed to exercise that degree of skill and care commonly exercised by other surgeons," by (1) performing the surgery on Tudder and Gibson without their informed consent, (2) failing "to perform adequate pre-operative evaluation," and (3) failing "to responsibly monitor and follow up post-operatively." Evidence was submitted to a medical review panel, which concluded that (1) the evidence did not support the allegations of failure to meet the applicable standard of care and (2) there did not exist a material issue of fact, not requiring expert opinion, which needed to be considered by the factfinder.

At trial, Tudder and Gibson objected to the admission into evidence of the medical review panel's opinion on the ground that the panel exceeded its statutory authority by deciding a question of fact which did not require expert opinion. The sole issue raised in this appeal is whether the trial court erred in admitting into evidence the panel's opinion. We affirm.

### DISCUSSION

Tudder and Gibson testified in depositions that they were not advised of the risks and possible complications involved with the surgery and Torres testified that they were. Thus, they argue, the review panel exceeded its statutory authority by resolving this conflict in the evidence when it issued its opinion.

Ind.Code 16–9.5–9–7 grants the review panel its authority to issue an expert opinion, providing, in pertinent part, that

> [a]fter reviewing all evidence and after any examination of the panel by counsel representing either party, the panel shall ... render one or more of the following expert opinions ...:
>
> \*  \*  \*  \*  \*  \*

> (c) That there is a material issue of fact, not requiring expert opinion, bearing on liability for consideration by the court or jury.

Tudder and Gibson argue that the panel should have rendered this opinion on the question of informed consent. Resolving the issue of fact itself, they argue, exceeded the panel's authority and rendered the opinion inadmissible.

*Dickey v. Long* (1991), Ind.App., 575 N.E.2d 339, is dispositive. In *Dickey* the panel resolved a question of fact which did not require an expert opinion in issuing its opinion and the trial court admitted the panel opinion into evidence. On appeal, plaintiff argued that the opinion should not have been admitted because the panel had exceeded its statutory authority by issuing an expert opinion on a question of fact not requiring expert opinion. The court held that the opinion was properly admitted because I.C. 16–9.5–9–9 states that "[a]ny report of the expert opinion reached by the medical review panel shall be admissible as evidence in any action subsequently brought by the claimant...." The court also noted that the statute, by providing that the panel's opinion shall not be conclusive, that either party shall have the right to call as a witness any member of the panel, and that the member must appear and testify, protects a claimant who wants to attack the efficacy of the panel's opinion. *Id.*

Here, as in *Dickey*, plaintiffs were afforded the opportunity to examine one of the panel members at trial in an effort to discredit the panel's opinion that the defendants did not breach the appropriate standard of care. Tudder and Gibson brought out the fact that there was a conflict in the evidence as to whether they were informed of the risks and complications of the surgery. The jury was instructed that the review panel's opinion was not conclusive on any of the issues that the jury was to determine, and that if the jury found that the panel decided a question of fact not requiring expert opinion in arriving at its decision, the jury could disregard the opinion as to that question.

In support of their argument that the opinion should not have been admitted, Tudder and Gibson assert there is a conflict in the court of appeals on this issue, citing *Spencer v. Christiansen* (1990), Ind.App., 549 N.E.2d 1090, *trans. denied* (2nd District) and *Griffith v. Jones* (1991), Ind.App., 577 N.E.2d 258, *reh'g denied* (3rd District), as being inconsistent with *Dickey*, also a third district opinion. We do not agree that these cases are inconsistent.

In *Spencer* the plaintiff argued that the medical review panel's opinion should not have been admitted because the panel decided an issue of fact reserved for the jury, namely, whether the doctor disclosed to plaintiff the risk of miscalculating a certain date. The second district held that whether the required disclosure occurred and was adequate were issues of fact that did not require medical expertise; however, the significance of a risk was an issue requiring expert medical opinion. The evidence was undisputed that the doctor did not disclose this particular risk and the medical review panel determined that the doctor had met the applicable standard of care. Thus, the court held that the panel had not resolved a question of fact that should have been resolved by the jury; but had merely determined that the risk was not significant. Accordingly, the opinion was properly introduced into evidence. *Id.* at 1092.

*Griffith* confronted the third district with an interlocutory appeal from the trial court's preliminary determination of law. The trial court determined that the issue whether the defendant met the appropriate standard of care involved the need for expert testimony as to the frequency of the risk. The trier of fact needs this expert testimony in order to determine the materiality of the risk to a reasonably prudent person and, thus, whether disclosure of the risk was necessary. Reasoning that the necessity of disclosure is based on both expert and lay testimony, and is ultimately a question for the jury, the trial court denied plaintiff's request for partial summary judgment on the issue of informed consent and granted plaintiff's request that the review panel be precluded from issuing an expert opinion. The trial court directed the Chairman of the Medical Review Panel to instruct the panel to find, with respect to the informed consent issues, that there are material issues of fact, not requiring expert opinion, bearing on liability for consideration by the court or jury.

On appeal, the court noted that a medical review panel is impaneled for the sole purpose of rendering an expert medical opinion and that where lay testimony is needed as to what a reasonably prudent person would have deemed material in his decision making process, the panel is precluded from rendering an expert opinion. *Id.* at 265. Thus, because the materiality of the lack of disclosure was a question for the jury to resolve, the trial court properly precluded the panel from issuing an expert opinion on that issue.

As we stated before, we find no inconsistency on the admissibility of the panel's opinion in the three cases. In *Spencer* the court concluded that the panel did not give an opinion on a material issue of fact which did not require expert opinion, and so the court had no need to reach the issue whether the opinion was inadmissible because the panel went beyond its statutory authority. In *Griffith* the issue was whether a panel could be precluded from issuing an opinion, not the admissibility of the opinion once issued. In *Dickey*, recognizing that *Spencer* suggests that a panel opinion might be inadmissible if the panel exceeded its statutory authority, the court noted that that language constitutes *obiter dictum* and, faced with the precise issue facing us, held that the opinion was admissible.

We agree with the resolution of this issue in *Dickey* and therefore hold that the medical review panel opinion was properly introduced into evidence.

AFFIRMED.

STATON and SHARPNACK, JJ., concur.