Kevin McGEE and Glenna V. McGee,
Appellants–Plaintiffs,

v.

A.P. BONAVENTURA, Jr., M.D.,
Appellee–Defendant.

No. 56A05–9205–CV–151.

Court of Appeals of Indiana,
Fifth District.

Jan. 6, 1993.

Kenneth D. Reed, Abrahamson Reed & Adley, Hammond, for appellants-plaintiffs.

John W. Barce, Barce & Ryan, Kentland, David C. Jensen, John M. McCrum, Eichhorn Eichhorn & Link, Hammond, for appellee-defendant.

## ON PETITION FOR REHEARING

SHARPNACK, Chief Judge.

Subsequent to our memorandum decision of October 22, 1992, the appellee filed a motion for publication, and the appellant filed a petition for rehearing. We grant the petition for rehearing solely for the purposes of making minor, non-outcome-determinative changes and publishing the opinion with those changes, which will be denoted in the body of the opinion.

Glenna and Kevin McGee ("McGees") appeal from an adverse summary judgment on their claim against Dr. A.P. Bonaventura, Jr. ("Bonaventura") for medical malpractice. The essence of the McGee's claim is that Bonaventura did not meet his burden on summary judgment. Because we conclude both that Bonaventura met his initial burden and that the McGees failed to demonstrate the existence of a genuine issue of material fact, we affirm.

Bonaventura performed surgery on Glenna McGee. Following the operation, McGee continued to have pain and ·other symptoms and she sought further medical attention. On September 4, 1990, the McGees filed a complaint against Bonaventura alleging that Bonaventura had negligently performed the operation.

Bonaventura served the McGees with interrogatories asking them, among other things, to identify each health care provider who had described Bonaventura's conduct as negligent, and each expert witness who would testify that Bonaventura had violated the applicable standard of care. Having received no answers to the interrogatories, Bonaventura obtained an order compelling the McGees to answer the interrogatories. The McGees complied with the order. In their answers, the McGees named two doctors who had verbally expressed the opinion that Bonaventura acted negligently.

On October 3, 1991, Bonaventura filed a motion for summary judgment. He attached a certified copy of the unanimous opinion of the medical review panel to the summary judgment motion. That opinion stated, in relevant part:

> "The evidence does *NOT* support the conclusion that Defendant, ANGELO P. BONAVENTURA JR., M.D., failed to meet the applicable standard of care as charged in the complaint."

The McGees did not submit any materials in response to the motion. The court originally scheduled a hearing on the motion for October 28, but continued the matter at the McGees' request. On November 19, two days before the hearing, the McGees finally filed a response brief in which they essentially contested the sufficiency of the opinion of the panel to sustain Bonaventura's burden on summary judgment. Following argument on November 21, the court again continued the matter for thirty days. The court finally granted summary judgment for Bonaventura on February 4, 1992, 124 days after Bonaventura had filed the motion, and over one year after the McGees had filed their complaint. The McGees never submitted affidavits from experts to rebut the opinion of the medical review panel.

When we review a trial court's entry of summary judgment, we are bound by the same standard as the trial court: we must consider those portions designated by the parties pursuant to Ind. Trial Rule 56 of the pleadings, affidavits depositions, admissions, answers to interrogatories, and, where applicable, testimony in the light most favorable to the nonmoving party in order to determine whether a genuine issue of material fact remains for resolution by the trier of fact. *Ayres v. Indian Heights Volunteer Fire Dept., Inc.* (1986), Ind., 493 N.E.2d 1229, 1234; *Babinchak v. Town of Chesterton* (1992), Ind.App., 598 N.E.2d 1099, 1101–1102; T.R. 56. A genuine issue

of material fact exists where facts concerning an issue that would dispose of the litigation are in dispute or where the undisputed facts are capable of supporting conflicting inferences on such an issue. If we have any doubts concerning the existence of a genuine issue of material fact, we must resolve those doubts in favor of the nonmoving party, and we must reverse the entry of summary judgment. *Woodward Insurance, Inc. v. White* (1982), Ind., 437 N.E.2d 59, 62. However, if no genuine issue of material fact exists, and if the moving party is entitled to judgment as a matter of law, we must affirm the entry of summary judgment. *Id.*

▆ The moving party bears the burden of showing the absence of a factual issue and that he is entitled to judgment as a matter of law. *Norman v. Turkey Run Community School Corp.* (1980), 274 Ind. 310, 312, 411 N.E.2d 614, 615. Once that burden has been met, however, the opposing party cannot rest upon its pleadings; rather, it must present sufficient evidence to demonstrate the existence of a genuine issue of material fact. T.R. 56(E); *Watson v. Medical Emergency Services* (1989), Ind. App., 532 N.E.2d 1191, 1195. Furthermore, T.R. 56(H) provides that:

> "[n]o judgment rendered on the motion shall be reversed on the ground that there is a genuine issue of material fact unless the material fact and the evidence relevant thereto shall have been specifically designated to the trial court."

▆ The McGees contend that the opinion of the panel was insufficient to sustain Bonaventura's initial burden. However, they point to no cases stating such a proposition. The certified opinion of the medical review panel is admissible in a medical malpractice action. I.C. § 16–9.5–9–9; *Winbush v. Memorial Health Systems, Inc.* (1991), Ind., 581 N.E.2d 1239, 1244.[1] Furthermore, a unanimous opinion of the panel that the defendant did not breach the applicable standard of care is sufficient to negate the existence of a genuine issue of material fact. The plaintiffs cannot prevail in a medical malpractice action or any other tort claim where the undisputed evidence demonstrates that the defendant did not breach any duty owed to the plaintiff. *See Winbush*, 581 N.E.2d at 1244 (upholding summary judgment against one of several defendants because plaintiff failed to provide expert testimony rebutting opinion of medical review panel); *see also Kerr v. Carlos* (1991), Ind.App., 582 N.E.2d 860, 861; *Marquis v. Battersby* (1982), Ind.App., 443 N.E.2d 1202, 1203.

▆ The McGees maintain that, even if the opinion of the review panel was sufficient to shift the burden of proof, they presented evidence to rebut that opinion and thus created a genuine issue of material fact as to whether Dr. Bonaventura breached the applicable standard of care. The McGees' argument fails, however, because they did not produce expert opinion to rebut the opinion of the medical review panel. In a medical malpractice case,

> "substantive law requires expert opinion as to the existence and scope of the standard of care which is imposed upon medical specialists and as to whether particular acts or omissions measure up to the standard of care.... Before the trier of fact may confront the factual question [of negligence] the issue must be presented and placed in controversy by reference to expert opinion."

*Bassett v. Glock* (1977), 174 Ind.App. 439, 368 N.E.2d 18, 23. The McGees rely upon their answers to interrogatories in which they list the names of two doctors who had told them that Bonaventura had acted negligently. However, those are mere hearsay

---

1. *See also* T.R. 44(A)(1) which provides that official records, when admissible for any purpose, may be evidenced by a copy attested to by the officer having legal custody of the record, or his deputy. The rule further provides that proof of custody may be made by any public officer with a seal of office and having official duties in the district in which the record is kept, authenticated by that seal of office. Here, the opinion of the review panel was signed and purportedly certified as a true and accurate copy by Jennifer Martin of the Department of Insurance. If the McGees wanted to contest the authentication, they were required to do so before the trial court. *See Enderle v. Sharman* (1981), Ind. App., 422 N.E.2d 686, 690–692. Because they did not, they have waived the right to contest the authentication of the opinion.

assertions which would be inadmissible at trial and are inadmissible in a summary judgment proceeding. T.R. 56(E); *In re Estate of Belanger* (1982), Ind.App., 433 N.E.2d 39, 43.

The McGees attempt to circumvent their failure to produce affidavits of their experts by reference to *Winbush*. In *Winbush*, the court held that an uncertified opinion of the medical review panel, which was accompanied by counsel's sworn affidavit that it was a true and accurate copy of the panel's written decision, was admissible. *Winbush*, 581 N.E.2d at 1243. The court stated that it therefore would afford the plaintiff similar latitude. *Id.* The plaintiff attached his expert's report to his interrogatory answers and verified the report in a manner similar to the defendant's verification of the opinion of the review panel. *Winbush*, 581 N.E.2d at 1244. The court held that the expert's report was sufficient to create a genuine issue of material fact. *Id.*

*Winbush* does not help the McGees. Unlike the defendant in *Winbush*, Bonaventura submitted a certified copy of the unanimous opinion of the review panel signed by all of the panel members. Therefore, the fair play concerns expressed in *Winbush* do not require us to make a specific exception to T.R. 56(E) in this case. Furthermore, the McGees had 124 days after the motion for summary judgment in which to submit sworn affidavits or otherwise admissible evidence of the opinions of their experts. For whatever reason, they chose not to do so. They now must abide by the consequences of their decision. Also significant is the fact that the *Winbush* plaintiff attached a report of one of his experts

to his interrogatory answers, and his answers included an itemized list of instances of substandard care identified by his other expert. *Winbush*, 581 N.E.2d at 1242. Here, we have only the most general of statements by the McGees as to the substance of their experts' oral statements. In order to refute the opinion of the medical review panel, an expert opinion must set out what other similarly situated doctors would do in similar circumstances. *Oelling v. Rao* (1992), Ind., 593 N.E.2d 189, 191.

■ Finally, the McGees argue that there was a genuine issue of material fact as to whether Glenna McGee was harmed by Dr. Bonaventura's unreasonable failure to obtain her informed consent to perform the procedure. However, the McGees have waived their right to contest the judgment on that ground because they did not raise the argument below.

■ In order to recover under the doctrine of informed consent, a plaintiff must prove that the physician failed to disclose risks that a reasonably prudent physician would have disclosed. *Culbertson v. Mernitz* (1992), Ind., 602 N.E.2d 98, 104.[2] The McGees did not allege in their complaint that Dr. Bonaventura failed to inform Glenna McGee of any specific risk inherent in the procedure. Furthermore, in their response to Dr. Bonaventura's motion for summary judgment, the McGees did not point to any facts regarding Dr. Bonaventura's alleged failure to inform Glenna McGee, though they now point to one of their interrogatory answers.[3] Although the McGees, in their brief in opposition to summary judgment, quoted at length from a discussion in *Spencer v. Christiansen*

2. In our memorandum opinion, the sentence immediately preceding the citation to *Culbertson* originally read as follows: "In order to recover under the doctrine of informed consent, a plaintiff must prove that the physician failed to disclose material facts relevant to the patient's decision on whether to undergo a particular treatment, and that the failure caused the patient's injuries. *Culbertson v. Mernitz* (1992), Ind.App., 591 N.E.2d 1040, 1042–1043." *McGee v. Bonaventura* (filed October 22, 1992), Ind. App. No. 56A05–9205–CV–151, at p. 7, 602 N.E.2d 1083. Following the filing of our memo-

randum opinion, the supreme court vacated the court of appeals' opinion in *Culbertson*.

3. The question and answer to which they refer read as follows:
   "*INTERROGATORY NO. 13.:* State specifically each and every act of negligence of defendant, A.P. Bonaventura, Jr., M.D. alluded to in your complaint.
   "ANSWER: .... *He failed to obtain my consent to leave a remnant of my ovary in my abdomen.*"
   (Record, p. 40)

(1990), Ind.App., 549 N.E.2d 1090 regarding when expert testimony is needed in informed consent cases,[4] they made no attempt either to relate that discussion to the present case or to point to the existence in the record of any facts bearing upon the issue of informed consent. Therefore, both traditional waiver doctrine and the clear language of T.R. 56(H) prevent us from reversing this case based upon the existence of a genuine issue of material fact on the issue of informed consent.[5]

For the reasons set forth above, we affirm the judgment of the trial court.

AFFIRMED.

RUCKER, J., and RATLIFF, Senior Judge, concur.

---

**4.** In *Culbertson,* the supreme court held that, except in cases where deviation from the reasonably prudent physician standard is a matter commonly known by lay persons, expert medical testimony is required in informed consent cases. *Culbertson,* 602 N.E.2d at 104.

**5.** The McGees also contend that the trial court erred by not specifying the issues upon which it found there to be no genuine issue of material fact. However, the language in T.R. 56(C) which the McGees rely upon applies only to cases in which the court grants summary judgment on less than all of the claims or issues. *Meier v. Pearlman* (1980), Ind.App., 401 N.E.2d 31, 35, *cert. denied,* 449 U.S. 1128, 101 S.Ct. 948, 67 L.Ed.2d 115.