## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 30 2018, 9:34 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANTS PRO SE

Paul Michael Wildridge, Sr.
Cheryl L. Wildridge
Columbus, Indiana

ATTORNEYS FOR APPELLEES

Christopher L. Riegler
Kathryn Elias Cordell
Katz Korin Cunningham, P.C.
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Paul Michael Wildridge, Sr. and
Cheryl L. Wildridge,

*Appellants-Plaintiffs,*

v.

Franciscan Alliance, Inc.,
Franciscan St. Francis Health,
St. Francis Hospital and Health
Centers, Mooresville, Indiana,

*Appellees-Defendants.*

August 30, 2018

Court of Appeals Case No.
18A-CT-464

Appeal from the Morgan Superior
Court

The Honorable Brian H. Williams,
Judge

Trial Court Cause No.
55D02-1704-CT-607

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellants-Plaintiffs, Paul Michael Wildridge, Sr. (Paul), and Cheryl L. Wildridge (collectively, Wildridge), appeal the trial court's summary judgment in favor of Appellees-Defendants, Franciscan Alliance, Inc., Franciscan St. Francis Health, St. Francis Hospital and Health Centers, Mooresville, Indiana (collectively, St. Francis), on Wildridge's allegation of medical malpractice.

We affirm.

# ISSUE

Wildridge presents six issues on appeal, which we consolidate and restate as the following single issue: Whether the trial court properly granted summary judgment to St. Francis when Wildridge failed to file a response or seek an extension of time within the thirty-day period allotted under Indiana Trial Rule 56(C).

# FACTS AND PROCEDURAL HISTORY

On March 16, 2011, Paul was admitted to St. Francis Hospital in Mooresville, Indiana, for a total bilateral knee replacement. Following his surgery, Paul became hypotensive and was transferred to the Intensive Care Unit (ICU) where he remained until the next afternoon. On March 18, 2011, while still admitted at the hospital, Paul developed the onset of a posterior-left heel pressure ulcer. He was discharged two days later, on March 20, 2011.

[5] On February 26, 2013, Wildridge filed a proposed complaint with the Indiana Department of Insurance alleging that St. Francis had negligently provided medical services to Paul. As required by the Medical Malpractice Act, Ind. Code § 34-18-1 *et seq*, the allegations were submitted to the Medical Review Panel. On January 19, 2017, the Medical Review Panel unanimously opined that St. Francis "failed to comply with the appropriate standard of care as charged in the complaint, and that the conduct complained of was not a factor in the resultant damages." (Appellee's App. Vol. II, p. 24).

[6] On April 5, 2017, Wildridge filed a Complaint for Damages with the trial court. On October 31, 2017, St. Francis filed a motion for summary judgment, together with a memorandum of law and designation of evidence. On November 1, 2017, the trial court scheduled the hearing on St. Francis' motion to take place on January 19, 2018. On December 19, 2017, Wildridge filed a verified motion to continue the scheduled hearing for sixty days. The trial court granted the motion for continuance and rescheduled the hearing on St. Francis' summary judgment motion for April 2, 2018.

[7] On December 28, 2017, St. Francis filed a motion for entry of judgment due to Wildridge's failure to respond to its motion for summary judgment within the specified time period. On December 29, 2017, the trial court summarily granted judgment to St. Francis. Thereafter, on January 5, 2018, Wildridge filed a motion to deny summary judgment and a motion to reconsider dismissal. On January 23, 2018, the trial court denied both motions, concluding, in pertinent part:

The court now reviews [Wildridge's] submitted materials and motions, and finds and rules:

A. The response submitted is untimely and no request for extension of time to respond was timely filed.

B. The materials submitted are not in proper form for consideration by the court.

C. Upon review of the materials, the court cannot discern that the issue of causation is addressed as to controvert the panel decision and opinion

Procedurally, and on the merits, the court cannot find the untimely response to be a basis for reinstatement of the case or reversal of the previously issued summary judgment order.

(Appellant's App. Vol. IV, p. 11).

Wildridge now appeals. Additional facts will be provided if necessary.

# DISCUSSION AND DECISION

### I. *Standard of Review*

In reviewing a trial court's ruling on summary judgment, this court stands in the shoes of the trial court, applying the same standards in deciding whether to affirm or reverse summary judgment. *First Farmers Bank & Trust Co. v. Whorley*, 891 N.E.2d 604, 607 (Ind. Ct. App. 2008), *trans. denied*. Thus, on appeal, we must determine whether there is a genuine issue of material fact and whether the trial court has correctly applied the law. *Id*. at 607-08. In doing so, we

consider all of the designated evidence in the light most favorable to the non-moving party. *Id*. at 608. A fact is 'material' for summary judgment purposes if it helps to prove or disprove an essential element of the plaintiff's cause of action; a factual issue is 'genuine' if the trier of fact is required to resolve an opposing party's different version of the underlying facts. *Ind. Farmers Mut. Ins. Group v. Blaskie*, 727 N.E.2d 13, 15 (Ind. 2000). The party appealing the grant of summary judgment has the burden of persuading this court that the trial court's ruling was improper. *First Farmers Bank & Trust Co.*, 891 N.E.2d at 607. When the defendant is the moving party, the defendant must show that the undisputed facts negate at least one element of the plaintiff's cause of action or that the defendant has a factually unchallenged affirmative defense that bars the plaintiff's claim. *Id*. Accordingly, the grant of summary judgment must be reversed if the record discloses an incorrect application of the law to the facts. *Id*.

[10] We observe that, in the present case, the trial court did not enter findings of fact and conclusions of law in support of its judgment. Special findings are not required in summary judgment proceedings and are not binding on appeal. *AutoXchange.com. Inc. v. Dreyer and Reinbold, Inc.*, 816 N.E.2d 40, 48 (Ind. Ct. App. 2004). However, such findings offer this court valuable insight into the trial court's rationale for its review and facilitate appellate review. *Id*.

## II. *Analysis*

[11] Wildridge contends that there are genuine issues of material fact supporting his claim that St. Francis breached its duty of care to Paul while an inpatient at the hospital, and therefore, the trial court improperly issued summary judgment to St. Francis.

[12] We initially note that although Wildridge is proceeding *pro se*, such litigants are held to the same standard as trained counsel and are required to follow procedural rules. *Ballaban v. Bloomington Jewish Community, Inc.*, 982 N.E.2d 329, 334 (Ind. Ct. App. 2013). Thus, *pro se* litigants are bound to follow the established rules of procedure and must be prepared to accept the consequences of their failure to do so. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*. This court will not "indulge in any benevolent presumptions on [their] behalf, or waive any rule for the orderly and proper conduct of [their] appeal." *Ankeny v. Governor State of Ind.*, 916 N.E.2d 678, 679 n.1 (Ind. Ct. App. 2009) (citation omitted), *reh'g denied, trans. denied*.

[13] To establish a *prima facie* case of medical malpractice, a plaintiff must demonstrate: (1) the defendant's duty in relation to the plaintiff; (2) the defendant's failure to conform its conduct to the requisite standard of care required by the relationship forming the duty; and (3) an injury to the plaintiff resulting from that failure. *Bunch v. Tiwari*, 711 N.E.2d 844, 850 (Ind. Ct. App. 1999). This generally requires expert testimony showing that the physician's performance fell below the applicable standard of care and that his negligence was a proximate cause of the plaintiff's injuries. *Id*. When, as here, a Medical Review Panel renders an opinion in favor of the physician, the plaintiff must

then come forward with expert medical testimony to rebut the Panel's opinion in order to survive summary judgment. *Id.* (when the medical review panel finds in favor of the physician on the element of proximate cause, the plaintiff must demonstrate the existence of a question of fact only as to proximate cause). Moreover, where there is a unanimous Medical Review Panel determination favoring the defendant and no countervailing expert opinion, the defendant is entitled to judgment as a matter of law. *McGee v. Bonaventura*, 605 N.E.2d 792, 794 (Ind. Ct. App. 1993).

[14] Nevertheless, St. Francis argues, and the trial court agreed, that the merits of Wildridge's contention need not be reached as Wildridge failed to timely designate expert testimony to oppose the Medical Review Panel's opinion in order to survive summary judgment.

[15] Indiana Trial Rule 56(C) provides that a party opposing a motion for summary judgment has thirty days to serve a response or any other opposing affidavits.

> When a nonmoving party fails to respond to a motion for summary judgment within 30 days by either filing a response, requesting a continuance under Trial Rule 56(I), or filing an affidavit under Trial Rule 56(F), the trial court cannot consider summary judgment filings of that party subsequent to the 30-day period.

*HomEq Servicing Corp. v. Baker*, 883 N.E.2d 95, 98-99 (Ind. 2008) (*citing Borsuk v. Town of St. John*, 820 N.E.2d 118, 125 n.5 (Ind. 2005)). St. Francis filed its motion for summary judgment on October 31, 2017. Therefore, in accordance with T.R. 6(E) and T.R. 56(C),Wildridge's response was due no later than

December 3, 2017. Wildridge ultimately filed his response to St. Francis' motion on January 5, 2018, more than a month late. Moreover, even if we consider Wildridge's motion to continue as a request for additional time under T.R. 56(I), this motion was also filed outside the thirty-day period as Wildridge's motion was submitted on December 19, 2017, some sixteen days after the time had elapsed. Accordingly, as the trial court could not consider Wildridge's late filings in response to St. Francis' motion for summary judgment, St Francis was entitled to summary judgment. *See McGee*, 605 N.E.2d at 794.

## CONCLUSION

Based on the foregoing, we hold that the trial court properly granted summary judgment to St. Francis when Wildridge failed to file a response or seek an extension of time within the thirty-day period allotted under Indiana Trial Rule 56(C).

Affirmed.

Vaidik, C. J. and Kirsch, J. concur